683 F.2d 69
 17 ERC 1969, 12 Envtl. L. Rep. 20,822
 EXXON CORPORATION, The BF Goodrich Company, and Union
Carbide Corporation, Monsanto Company and Tenneco
Chemicals, Inc., Appellants
v.
Robert HUNT, Administrator of New Jersey Spill Compensation
Fund, Clifford A. Goldman, Treasurer of the State of New
Jersey, Sidney Glaser, Director of the Division of Taxation,
Jerry F. English, Commissioner of Environmental Protection,
and the State of New Jersey, Appellees.
 No. 81-2514.
 United States Court of Appeals,
Third Circuit.
 Argued March 2, 1982.
Reargued June 7, 1982.
Decided June 30, 1982.
 
 John J. Carlin, Jr. (argued), Farrell, Curtis, Carlin & Davidson, Morristown, N. J., for appellants.
 Mary C. Jacobson, Deputy Atty. Gen. (argued), Erminie L. Conley, Asst. Atty. Gen., James R. Zazzali, Atty. Gen. of N. J., Richard J. Hughes, Trenton, N. J., for appellees.
 Argued March 2, 1982.
 Before HUNTER, WEIS and HIGGINBOTHAM*, Circuit Judges.
 Reargued June 7, 1982.
 Before HUNTER, WEIS and BECKER, Circuit Judges.
 OPINION OF THE COURT
 WEIS, Circuit Judge.
 
 
 1
 Plaintiffs sought a declaratory judgment that a federal statute exempted them from a state tax. Invoking the Tax Injunction Act, 28 U.S.C. § 1341 (1976), the district court dismissed the case. We find that, although it recites a federal statute, the complaint does not present a claim that "arises under" federal law. On this ground, as well as on the Tax Injunction Act, we affirm the dismissal for lack of jurisdiction.
 
 
 2
 Plaintiffs' complaint in the district court alleged that a tax levied under the New Jersey Spill Compensation and Control Act, N.J.Stat.Ann. § 58:10-23.11 et seq. (West 1982), is "unconstitutional and preempted" by a similar federal statute, the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("Superfund Act"), Pub.L.No.96-510, 94 Stat. 2767 (1980) (to be codified in 42 U.S.C. §§ 9601-57). In addition, plaintiffs sought a refund of taxes collected by the state under the Spill Act after the federal statute went into effect. The district court dismissed the suit for lack of subject-matter jurisdiction because of the bar imposed by the Tax Injunction Act.
 
 
 3
 New Jersey enacted the Spill Act in 1976 to control the handling of hazardous substances within the state, require prompt cleanup, and provide compensation for associated costs and damages. N.J.Stat.Ann. § 58:10-23.11a. To carry out these purposes, a Spill Compensation Fund within the state treasury is financed by a barrel tax levied upon each owner or operator of a major facility for hazardous substances. Id. at § 58:10-23.11g, -23.11h, -23.11i.
 
 
 4
 In the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, Congress also dealt with the problems caused by the release of hazardous substances into the environment. The federal Act creates a Hazardous Substance Response Trust Fund (Superfund), 42 U.S.C. § 9631, which is subsidized in part by taxes levied on crude oil, imported petroleum products, and certain chemicals. 26 U.S.C. §§ 4611, 4661. Section 114(c) of the Superfund Act, 42 U.S.C. § 9614(c), states:
 
 
 5
 "Except as provided in this Act, no person may be required to contribute to any fund, the purpose of which is to pay compensation for claims for any costs of response or damages or claims which may be compensated under this title."
 
 
 6
 Contending that § 114(c) excuses them from paying taxes into the New Jersey Spill Fund, Exxon and the other plaintiffs sought a declaration in the United States District Court for the District of New Jersey. Jurisdiction was asserted under the federal question statute, 28 U.S.C. § 1331, and § 113(b) of the Superfund Act, 42 U.S.C. § 9613(b), which provides that "the United States district courts shall have exclusive original jurisdiction over all controversies arising under this Act...."
 
 
 7
 New Jersey moved to dismiss the suit for lack of subject-matter jurisdiction on the basis of the Tax Injunction Act: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The district judge found that New Jersey law does provide an adequate remedy and granted the motion.[1] He reasoned that the more specific Tax Injunction Act prevailed over the Superfund Act on the question of jurisdiction and concluded that the state courts can entertain plaintiffs' preemption claim.[2]
 
 
 8
 On appeal, plaintiffs argue that the district court misconstrued the relationship between § 113(b) of the Superfund Act and the Tax Injunction Act. Since § 113(b) vests the district courts with exclusive original jurisdiction over cases arising under the Superfund Act, plaintiffs contend that the state courts are unable to grant any remedy. In their view, then, the Tax Injunction Act is no bar because one of the prerequisites for its application is lacking.
 
 
 9
 The Supreme Court has said of the Tax Injunction Act that "this legislation ... reflect(s) the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." Fair Assessment In Real Estate Assn. v. McNary, --- U.S. at ----, 102 S.Ct. at 179. When a plaintiff requests a district court to grant injunctive relief against a state tax, and the state courts provide an adequate remedy, the complaint must be dismissed for lack of subject-matter jurisdiction. This is because "(t)he Tax Injunction Act embodied Congress' decision to transfer jurisdiction over a class of substantive federal claims from the federal district courts to the state courts...." Rosewell v. LaSalle Natl. Bank, 450 U.S. 503, 515 n.19, 101 S.Ct. 1221, 1230 n.19, 67 L.Ed.2d 464 (1981). Although the Court once reserved the question, it is settled now that the Act prohibits declaratory as well as injunctive relief. California v. Grace Brethren Church, --- U.S. ----, ----, 102 S.Ct. 2498, 2506-2509, 72 L.Ed.2d ---- (1982).
 
 
 10
 At the outset, it is essential to recognize that plaintiffs' attack is directed against a state tax imposed by a state statute. Plaintiffs do not challenge the Superfund Act, but rely on it as a defense against the state tax. The district judge did not quarrel with plaintiffs' allegations that this case presents a federal question and that it "arises under" the Superfund Act. We take a different view of the matter, however, and since it goes to jurisdiction we are bound to make our own determination. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, --- U.S. ----, ----, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).
 
 
 11
 We begin with 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action arises under federal law when "the complaint ... requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1974). The federal question must appear on "the face of the complaint," which means that "the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." Gully v. First National Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). See also, Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908); Westmoreland Hospital Assn. v. Blue Cross, 605 F.2d 119, 123 (3d Cir. 1979), cert. denied, 444 U.S. 1077, 100 S.Ct. 1025, 62 L.Ed.2d 759 (1980).
 
 
 12
 In Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950), the Supreme Court observed that the Declaratory Judgment Act, 28 U.S.C. § 2201, enlarged the range of remedies available in the federal courts but did not extend their jurisdiction. As a result, the Court cautioned against entertaining a declaratory complaint that did not really present a federal question on its face:
 
 
 13
 "To sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because ... artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act."
 
 
 14
 Id. at 673-74, 70 S.Ct. at 879-80.
 
 
 15
 In Public Service Commission v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952), the Court went a step further. Plaintiff there sought a declaratory judgment that it was engaged in interstate commerce. It wanted this declaration "to hold in readiness for use" should the defendant, a state agency, attempt to enforce the state's regulatory scheme against it. Id. at 245, 73 S.Ct. at 241. The Court directed the suit to be dismissed, in language directly applicable to the case at hand:
 
 
 16
 "In this case, as in many actions for declaratory judgment, the realistic position of the parties is reversed. The plaintiff is seeking to establish a defense against a cause of action which the declaratory defendant may assert in the (state) courts.... Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court.... Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law."
 
 
 17
 Id. at 248, 73 S.Ct. at 242.
 
 
 18
 The criteria espoused by Skelly and Wycoff have been criticized, but "it seems clear that this is the law today ..." 10 Wright & Miller, Federal Practice & Procedure § 2767 at 849 (1969).[3] In Allegheny Airlines, Inc. v. Pennsylvania Public Utility Commission, 465 F.2d 237, 241 (3d Cir. 1972), we followed Wycoff and held that a complaint seeking a declaration that federal law preempted state regulations did not raise a federal question. Accord, Lawrence County v. South Dakota, 668 F.2d 27 (8th Cir. 1982); Madsen v. Prudential Federal Savings & Loan Assn., 635 F.2d 797 (10th Cir. 1981); Home Federal Savings & Loan Assn. v. Insurance Dept. of Iowa, 571 F.2d 423 (8th Cir. 1978). But see, First Federal Savings & Loan Assn. v. Greenwald, 591 F.2d 417 (1st Cir. 1979); Rath Packing Co. v. Becker, 530 F.2d 1295 (9th Cir. 1975), aff'd sub nom. Jones v. Rath Packing Co., 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977) (no discussion of jurisdictional issue). See Comment, Federal Jurisdiction Over Declaratory Suits Challenging State Action, 79 Colum.L.Rev. 983 (1979).
 
 
 19
 In summary, a declaratory judgment complaint does not state a cause of action arising under federal law when the federal issue is in the nature of a defense to a state law claim. Yet that is precisely the situation in this case. Exxon and the other plaintiffs seek a declaration that § 114(c) of the Superfund Act excuses them from paying the tax imposed by the New Jersey Spill Act. In other words, they wish to establish what is in effect a federal defense to a purely state law enforcement action. Skelly and Wycoff teach us that under these circumstances federal question jurisdiction is lacking.[4]
 
 
 20
 Moreover, the Tax Injunction Act also imposes a jurisdictional bar. California v. Grace Brethren Church, supra. Exxon contends, however, that the exclusive federal jurisdiction provision of the Superfund Act removes from the state courts the power to adjudicate matters which have any connection with the federal statute, including its ban against dual taxation. Without an adequate state remedy, the Tax Injunction Act would not bar this suit. If the district court also lacks jurisdiction, Exxon argues, there is no forum open to it.
 
 
 21
 We find no merit to this contention. The Superfund Act's grant of "exclusive original jurisdiction" is limited to controversies "arising under" the statute. 42 U.S.C. § 9613(b). Thus, exclusive jurisdiction is only conferred over those cases which actually present a Superfund question on the face of the complaint, not every suit in which the provisions of the Act are relevant. It does not include suits like this which challenge a state tax.
 
 
 22
 Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961), is instructive on this point. There, the Supreme Court was confronted with a challenge to a state court's jurisdiction over a suit brought to recover overcharges in the sale of natural gas. The state court defendants argued that the Natural Gas Act, 15 U.S.C. § 717 et seq., grants exclusive jurisdiction to the federal courts over any suit involving a rate filed with the Federal Power Commission. The Supreme Court noted, however, that "questions of exclusive federal jurisdiction and ouster of jurisdiction of state courts are, under existing jurisdictional legislation, not determined by ultimate substantive issues of federal law." Id. at 662, 81 S.Ct. at 1307. Since the plaintiff's claim was founded on state contract law, there was no federal jurisdiction. As to the "exclusive" jurisdiction conferred by the Natural Gas Act, the Court said, "(e)xclusiveness is a consequence of having jurisdiction, not the generator of jurisdiction because of which state courts are excluded." Id. at 664, 81 S.Ct. at 1308.
 
 
 23
 We repeat that this suit is an attack on a state tax and nothing in the Superfund Act deprives the state courts of power to adjudicate this type of dispute. In light of the firmly established legislative policy expressed in the Tax Injunction Act, Exxon's contention that Congress impliedly removed state court authority to decide controversies over the tax imposed by the New Jersey Spill Act is simply not persuasive. See Penn Dairies, Inc. v. Milk Control Commission, 318 U.S. 261, 275, 63 S.Ct. 617, 623, 87 L.Ed. 748 (1943). It is questionable whether Congress has the power to deprive a state court of jurisdiction over a non-federal party in such a state law action. See, e.g., Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1933); 1 Moore's Federal Practice § 0.6(3) at 234 n.18 (1982). In any event, in light of the strong interest in federalism in circumstances like these, a displacement of state jurisdiction would not be expected in the absence of clear and explicit statutory language.[5]
 
 
 24
 Exxon also argues that the need for uniform interpretation of the Superfund Act is an important consideration in favor of exclusive federal jurisdiction. Although that reasoning may have influenced Congress in its decision to restrict jurisdiction over the many substantive controversies that may arise under the Superfund Act, it does not justify supplanting state jurisdiction over state laws. Indeed, the Supreme Court rejected this very argument in Pan American Petroleum Corp. v. Superior Court, 366 U.S. at 665, 81 S.Ct. at 1308.
 
 
 25
 We conclude that the New Jersey courts retain jurisdiction to pass on the validity of the taxes imposed by the state's Spill Act, and that New Jersey law provides an adequate remedy. Since the district court did not have jurisdiction, dismissal of the plaintiff's complaint was proper and accordingly, the judgment will be affirmed.
 
 
 
 *
 Judge Higginbotham was present at the initial argument of this case but afterwards recused himself and did not participate in the decision
 
 
 [1]
 The New Jersey Spill Act, N.J.Stat.Ann. 58:10-23.11h(h), provides that the tax imposed shall be governed by the State Tax Uniform Procedure Law. Id. at § 54:48-1 et seq. Taxpayers seeking reimbursement for alleged overpayments may file claims for refunds. Id. at § 54:49-14. Taxpayers may also protest any finding or assessment of the Director of the Division of Taxation, request an administrative hearing from the Director, and then appeal the Director's determination to the Tax Court. Id. at § 54:49-18; § 54:2-34; § 2A:3A-4.1. The Tax Court offers taxpayers a de novo hearing on all issues of fact and law and is authorized to "grant legal and equitable relief so that all matters in controversy between the parties may be completely determined." Id. at § 2A:3A-4. An appeal from Tax Court determinations may be had as of right to the Appellate division of the Superior Court of New Jersey. Id. at § 2A:3A-4.1(c); § 2A:3A-10
 
 
 [2]
 New Jersey did not raise the eleventh amendment as a defense to the refund count in the district court or in its brief in this court. See, Ford Motor Co. v. Dept. of Treasury of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). In view of our disposition of the case, we need not discuss that issue. However, we note that the Supreme Court has held that the principle of comity bars federal courts from granting a refund of local taxes in the form of damages. Fair Assessment In Real Estate Assn. v. McNary, --- U.S. ----, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981)
 
 
 [3]
 Legislative adoption of a broader test, one that simply looks to the wording of the declaratory complaint for a federal question, has been recommended by the American Law Institute. A.L.I., Study of the Division of Jurisdiction Between State and Federal Courts, § 1311 (1969). "But in view of the limited purpose that was claimed for the Declaratory Judgment Act when it was adopted, it would be a perversion of the statute if it were held to have extended federal question jurisdiction." 10 Wright & Miller § 2767 at 849 (1969)
 
 
 [4]
 Exxon is a New Jersey corporation and therefore diversity of citizenship was not pleaded as a basis for jurisdiction
 
 
 [5]
 It is a matter of record that after the district court dismissed the complaint, plaintiffs filed suit in the Tax Court of New Jersey. No question of the jurisdiction of that Court has been raised by the parties or the court itself. The parties filed and argued cross-motions for summary judgment. After this case had been argued in this court, the Tax Court of New Jersey ruled on the merits of those motions, Exxon Corp. v. Hunt, 4 N.J.Tax 294 (1982), and Exxon has appealed
 New Jersey state legislators also brought suits in the district court to determine whether all of the New Jersey Act was preempted. Lesniak v. United States, D.C.No.81-977. Merlino v. United States, D.C.No.81-1914. In a settlement, the parties agreed that in several areas the New Jersey statute was not preempted by the federal act.