**LEVIN METALS CORPORATION, Levin-Richmond Terminal Corporation, Plaintiffs,**

v.

**PARR–RICHMOND TERMINAL COMPANY, et al., Defendants.**

**PARR–RICHMOND TERMINAL COMPANY, et al., Counterclaimants,**

v.

**Richard LEVIN, et al., Counterdefendants.**

**PARR–RICHMOND TERMINAL COMPANY, et al., Plaintiffs,**

v.

**Richard LEVIN, et al., Defendants.**

**Nos. C–84–6273 SC, C–84–6324 SC.**

United States District Court, N.D. California.

May 17, 1985.

---

Latham & Watkins, David L. Mulliken, Robert P. Dahlquist, San Diego, Cal., for counterdefendant Montrose Chemical Corp. of California.

Stephen B. Peck, Hanson, Bridgett, Marcus, Vlahos & Stromberg, San Francisco, Cal., for plaintiff.

Arthur R. Albrecht, Thacher, Albrecht & Ratcliff, San Francisco, Cal., for defendants Parr-Richmond Terminal Co. and John Parr Cox.

Kenneth E. Keller, Bronson, Bronson & McKinnon, San Francisco, Cal., for defendants Parr Industrial Corp. and Fred Parr Cox.

John J. Murray, Law Offices of John J. Murray, Redwood City, Cal., for U.S. Gypsum.

David Giannotti, McKenna, Conner & Cuneo, Los Angeles, Cal., Peter Gillon, McKenna, Conner & Cuneo, Washington, D.C., for R.J. Prentiss.

Alex Heckathorn, Santa Rosa, Cal., for Heckathorn & Co.

Leach, Biesty & McGreevy, San Francisco, Cal., for Heckathorn II.

Nicholas Aracic, Moore, Clifford, Wolfe, Larson & Trutner, Oakland, Cal., for Levin Metals Corp.

CONTI, District Judge.

## I. INTRODUCTION

For the purposes of this order, the plaintiffs in Case No. C–84–6273–SC will be referred to as "Levin Metals" and the defendants and counterclaimants in the same case will be referred to as "Parr-Richmond." In February, 1984, Levin Metals commenced the central action involved herein, Case No. C–84–6273–SC, in Contra Costa Superior Court, raising state claims for fraud, breach of the duty of good faith and fair dealing, negligence, nuisance, tortious breach of statutorily imposed duty, and declaratory relief and indemnity. In September, 1984, Parr-Richmond removed the Levin Metals action to this court, asserting that this court has exclusive original jurisdiction over the action, pursuant to 42 U.S.C. § 9613(b). Also in September, 1984, Parr-Richmond filed its complaint in Case No. C–84–6324–SC against Levin Metals and other parties for declaratory relief of non-liability under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq. In October, 1984, Parr-Richmond filed a counterclaim in Case No. C–84–6273–SC against Levin Metals and the other defendants named in Case No. C–84–6324–SC. The counterclaim in Case No. C–84–6273–SC is virtually identical to the complaint filed in Case No. C–84–6324–SC. Therefore, Parr-Richmond's complaint and counterclaim will at times be collectively referred to as the "Parr-Richmond complaint." In an order dated October 31, 1984, Case No. C–84–6273–SC and Case No. C–84–6324–SC were determined to be related cases.

The above related cases are before the court on the following motions: 1) Prentiss Drug & Chemical Company, Inc.,'s ("Prentiss," counterdefendant in Case No. C–84–6273–SC and defendant in Case. No. C–84–6324–SC) motion to dismiss; 2) Parr-Richmond's motion for reconsideration of a magistrate's order on motions to compel production of documents and answers at a deposition; and 3) Montrose Chemical Corporation of California's ("Montrose," counterdefendant in Case No. C–84–6273 and defendant in Case No. C–84–6324–SC) motions to strike its being impleaded in both related cases, or to dismiss, or for a more definite statement, and to sever. The court grants Prentiss' meritorious motion to dismiss the Parr-Richmond complaint, as will be discussed below, because the complaint is legally deficient in stating a proper claim under CERCLA. Furthermore, as set out shortly, because the court lacks federal subject matter jurisdiction over the remaining state claims raised in the Levin Metals complaint, this complaint is dismissed and remanded to state court. Therefore, the court need not address the other noticed motions. This court specifically holds that Prentiss' motion to dismiss Parr-Richmond's counterclaim in Case No. C–84–6273–SC and complaint in Case No. C–84–6324–SC is granted, and Case No. C–84–6273–SC is dismissed and remanded to Contra Costa Superior Court for adjudication of the state claims raised in the Levin Metals complaint.

## II. FACTUAL ALLEGATIONS

The Levin Metals complaint, filed in state court and removed to this court by Parr-Richmond in Case No. C–84–6273–SC, makes no claim whatsoever for recovery under CERCLA. Rather, Levin Metals alleges in the complaint that it purchased certain real property located in Richmond California ("Richmond property") from Parr-Richmond in April, 1981, and that Parr-Richmond falsely and fraudulently failed to inform Levin Metals that the Richmond property had been used for discharge, disposal or deposit of hazardous wastes which contaminated the property.

The Parr-Richmond complaint and Exhibit A attached thereto contain the following allegations: after acquiring the Richmond property, Levin Metals allegedly discovered for the first time that the property was being investigated by the California Department of Health Services ("DOHS") for possible contamination; on or about August 10, 1983, Levin Metals made a written

demand on Parr-Richmond to reimburse Levin Metals for certain costs incurred determining the extent of contamination on the property, evaluating the remedial action required, and evaluating and mitigating potential adverse effects of the contamination on persons who have been on the property, adjoining property owners and the environment. Nowhere in the Parr-Richmond complaint is it alleged that Parr-Richmond has taken any action or incurred any costs with respect to cleaning up the hazardous waste on the Richmond property. Furthermore, the Parr-Richmond complaint does not allege that any governmental enforcement action has been, or is likely to be taken against Parr-Richmond or any other party.

### III.  MOTION TO DISMISS

Prentiss moves to dismiss the Parr-Richmond complaint, *inter alia,* on the ground that the complaint fails to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), because Parr-Richmond does not state a viable claim under CERCLA. The court is mindful that Prentiss' Rule 12(b)(6) motion cannot be granted unless it appears to a certainty that Parr-Richmond can prove no set of facts in support of its claim that would entitle it to relief, *Rae v. Union Bank,* 725 F.2d 478, 479 (9th Cir.1984), and that the allegations in the complaint must be construed in favor of Parr-Richmond. *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.1978), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). In light of the above strict standards, the court nevertheless finds Prentiss' arguments in support of the above motion convincing, as set out below.

■ A private party may bring a CERCLA action against another private party pursuant to 42 U.S.C. § 9607(a)(4)(B). *See Bulk Distribution Centers, Inc. v. Monsanto Co.,* 589 F.Supp. 1437, 1443 (S.D.Fla. 1984); *City of Philadelphia v. Stepan Chemical Co.,* 544 F.Supp. 1135, 1140–43 (E.D.Pa.1982). Section 9607(a)(4)(B) provides that any person fitting within Section 9607(a)(1), (2), (3), or (4) shall be liable for

"any other necessary costs of response incurred by any other person consistent with the national contingency plan." The court holds, as discussed forthwith, that the Parr-Richmond complaint must be dismissed because Parr-Richmond does not state that it has met the following two requirements for bringing a private suit under Section 9607(a)(4)(B): (1) that it has incurred necessary costs of response; and (2) that it has incurred any such costs that are consistent with the national contingency plan.

### A.   Necessary Costs of Response

■ The recent and developing caselaw construing Section 9607(a)(4)(B) requires that before a private party may seek declaratory relief or damages under this section the party must affirmatively demonstrate that it has incurred necessary costs of response. *See Wickland Oil Terminals v. Asarco, Inc.,* 590 F.Supp. 72, 77–78 (N.D. Cal.1984); *Pinole Point Properties v. Bethlehem Steel Corp.,* 596 F.Supp. 283, 289 (N.D.Cal.1984); *Bulk Distribution Centers,* 589 F.Supp. at 1451–52; *Jones v. Inmont Corp.,* 584 F.Supp. 1425, 1429 (S.D.Ohio 1984); *United States v. Northeastern Phram. & Chem.,* 579 F.Supp. 823, 850–51 (W.D.Mo.1984); *D'Imperio v. United States,* 575 F.Supp. 248, 253 (D.N.J. 1983); *City of Philadelphia,* 544 F.Supp. at 1143.

The term "necessary costs of response" is not defined within CERCLA. However, 42 U.S.C. § 9601(25) defines "response" to mean "removal ... and remedial action." Section 9601(23) defines "removal" to mean "the cleanup or removal of released hazardous substances from the environment," and includes actions necessary "to prevent, minimize, or mitigate damages to the public health or welfare to the environment...." Section 9601(24) defines "remedial action" to mean "those actions consistent with permanent remedy taken ... to prevent or minimize the release of hazardous substances so that they do not migrate to cause substantial danger to present or future public health or welfare or the envi-

ronment." This court has interpreted the term "necessary costs of response" to exclude certain investigatory costs prior to a bona fide cleanup. *Wickland Oil Terminals*, 590 F.Supp. at 77–78. Nowhere in the Parr-Richmond complaint does Parr-Richmond allege that it has incurred any "necessary costs of response" that would accord with the related words defined in Section 9601(23), (24), and (25). For that matter, Parr-Richmond has not even alleged that it has incurred any investigatory costs that this court has determined would not fit within the term "necessary costs of response."

■ A similar claim to Parr-Richmond's, for declaratory relief in the form of non-liability under Section 9607(a)(4)(B), by parties that had not incurred necessary costs of response was raised in *D'Imperio*, 575 F.Supp. 248. The *D'Imperio* plaintiffs sought a declaration of non-liability, and a declaration that if they were to contribute to a cleanup effort under CERCLA, their expenses would be recoverable either from Superfund or from other parties responsible for the hazardous waste. The *D'Imperio* court dismissed the declaratory judgment suit as to Section 9607(a)(4)(B) by holding that: "CERCLA seems to require actual, past outlay of expenses. Here the plaintiffs have neither spent, nor do they propose to spend, funds [as necessary response costs] 'consistent with the national contingency plan.'" *Id.* at 253. Based on all of the above, Parr-Richmond has failed to state a claim that would entitle it to maintain a private action under Section 9607(a)(4)(B), and the Parr-Richmond complaint must therefore be dismissed.

### B. *National Contingency Plan*

■ Not only has Parr-Richmond failed in its complaint to allege that it has incurred necessary costs of response, it also fails to allege that it has incurred any such costs that are "consistent with the national contingency plan," which, as the caselaw makes clear, is the second requirement to maintaining an action under Section

9607(a)(4)(B). *See Wickland Oil Terminals*, 590 F.Supp. at 78; *Pinole Point Properties*, 596 F.Supp. at 290; *Bulk Distribution Centers, Inc.*, 589 F.Supp. at 1444; *Jones*, 584 F.Supp. at 1430; *Northeastern Pharm. & Chem. Co.*, 579 F.Supp. at 850; *D'Imperio*, 575 F.Supp. at 253; *City of Philadelphia*, 544 F.Supp. at 1141. Such failure to allege incurred costs consistent with the national contingency plan provides a separate independent basis from that in the above section to warrant dismissal of the Parr-Richmond complaint. In light of this and the previous section, Parr-Richmond's counterclaim in Case No. 84–6273–SC and complaint in Case No. 84–6324–SC are dismissed.

## IV. REMAND

■ Having dismissed Parr-Richmond's counterclaim in Case No. C–84–6273–SC and complaint in Case No. C–84–6324–SC, both of which seek declaratory relief of non-liability under CERCLA, all that remains before this court are the state claims raised in the Levin Metals complaint in Case No. C–84–6273–SC. As discussed below, this court thus lacks federal subject matter jurisdiction over the Levin Metals complaint.

This court received the Levin Metals complaint by virtue of Parr-Richmond's petition of removal. The petition alleges that the state claims raised in the Levin Metals complaint really raise a private cause of action under CERCLA, vesting this court with jurisdiction, pursuant to 42 U.S.C. § 9613(b). Section 9613(b) provides that, "the United States district courts shall have exclusive original jurisdiction over all controversies arising under [CERCLA], without regard to the citizenship of the parties or the amount in controversy." The Third Circuit, in *Exxon Corp. v. Hunt*, 683 F.2d 69, 73–74 (3d Cir.1982), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983), enunciated the well-taken principle that, "exclusive jurisdiction [under Section 9613(b)] is only conferred

over those cases which actually present a Superfund question on the face of the complaint, not every suit in which the provisions of the Act are relevant." Here, the Levin Metals complaint does not present a CERCLA question on its face. The complaint does not specifically allege that Levin Metals has incurred any costs that would be deemed necessary costs of response, nor that any costs incurred have been consistent with the national contingency plan. Therefore, even if the provisions of the Act are deemed to be in some way relevant to the Levin Metals complaint, *see* Exhibit B attached to the complaint, such does not establish federal subject matter jurisdiction.

Thus, because only state claims are currently before the court, the court will dismiss the Levin Metals complaint for lack of federal subject matter jurisdiction. *See Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir.1981) (per curiam) ("[w]hen the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim[s] )." Furthermore, the court remands the Levin Metals state suit back to the Contra Costa Superior Court, so that the state claims may be pursued in the forum and on the same complaint that Levin Metals selected prior to Parr-Richmond's removal to this court.

## V.  ORDER

In accordance with the foregoing, it is hereby ordered that:

(1) Prentiss' motion to dismiss Parr-Richmond's counterclaim in Case No. C–84–6273–SC and complaint in Case No. C–84–6324–SC, for failure to state compliance with 42 U.S.C. § 9607(a)(4)(B), is granted; and

(2) the Levin Metals complaint in Case No. C–84–6273–SC is dismissed for lack of federal subject matter jurisdiction, and is remanded to the Contra Costa Superior Court.