**Nicholas J. JANAKES, on Behalf of himself and on behalf of all others similarly situated, Plaintiffs-Appellants,**

v.

**UNITED STATES POSTAL SERVICE, Defendant-Appellee.**

**No. 84–2090.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1985.

Decided Aug. 15, 1985.

William B. Peavey, Jr., Peavey & White, San Francisco, Cal., for plaintiffs-appellants.

Stephen E. Alpern, Asso. General Counsel, James A. Friedman, Christopher T. Klepac, Washington, D.C., Joseph P. Russoniello, U.S. Atty., George Christopher Stoll, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before WALLACE and POOLE, Circuit Judges, and LEAVY,* District Judge.

WALLACE, Circuit Judge:

Janakes appeals from a judgment entered in favor of the United States Postal Service (Service) on cross-motions for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand with instructions.

I

On February 13, 1982, Janakes, a mail carrier for the Service, was injured while delivering mail. Janakes applied for "continuation of pay" (COP) pursuant to 5 U.S.C. § 8118 of the Federal Employees Compensation Act (FECA). The Service paid Janakes $1,545.58 under the COP provision, representing his normal salary less normal deductions for March 1, 1982 through March 25, 1982, the period during which Janakes was unable to perform his duties.

On April 12, 1982, the Service notified Janakes that he would be required to reimburse the Service for COP and injury com-

* Honorable Edward Leavy, United States District Judge, District of Oregon, sitting by designation.

pensation received during his injury if he recovered from a third-party tortfeasor. On November 22, 1983, Janakes filed an action in federal district court seeking declaratory and injunctive relief against the Service on his own behalf and on behalf of the class of postal employees who had received COP following a work-related injury, who were seeking damages from third parties and from whom the reimbursement would be sought for the COP out of any recovery. The class action, however, was not certified.

## II

■ Initially, we are faced with a jurisdictional question. Janakes filed his action under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking an interpretation of FECA, 5 U.S.C. §§ 8101–8193, and sections 8131 and 8132 in particular, defining the government's rights to subrogation and reimbursement, respectively. Janakes asserts that while section 8132 permits reimbursement of "compensation," the term does not encompass COP because section 8118(e) excludes it from the definition of "compensation" in section 8101(12). Nevertheless, this assertion is made in the face of an anticipated Service action to collect its reimbursement, and thus is an assertion of a federal defense. The assertion of a federal defense does not confer subject matter jurisdiction under 28 U.S.C. § 1331 for federal questions. *See, e.g., Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). The Service argues that as a result, the district court did not have subject matter jurisdiction and we should dismiss the appeal.

■ The use of the declaratory judgment statute does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint brought without the use of 28 U.S.C. § 2201. *See, e.g., Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 15–16, 103 S.Ct. 2841, 2849–50, 77 L.Ed.2d 420 (1983); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct.

876, 878–79, 94 L.Ed. 1194 (1950). A declaratory judgment plaintiff may not assert a federal question in his complaint if, but for the declaratory judgment procedure, that question would arise only as a federal defense to a state law claim brought by the declaratory judgment defendant in state court. *See Franchise Tax Board*, 463 U.S. at 16–19, 103 S.Ct. at 2849–51; *Public Service Commission v. Wycoff*, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952); *Skelly Oil*, 339 U.S. at 671–72, 70 S.Ct. at 878–79; *Whittington v. Whittington*, 733 F.2d 620, 621 (9th Cir.1984).

■ If, however, the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights, then we have jurisdiction notwithstanding the declaratory judgment plaintiff's assertion of a federal defense. *See Franchise Tax Board*, 463 U.S. at 16–19 & nn. 14, 19, 103 S.Ct. at 2849–51 & nn. 14, 19; *Wycoff*, 344 U.S. at 248, 73 S.Ct. at 242. *See also* C. Wright, *Law of Federal Courts* § 18, at 100–02 (4th ed. 1983). The coercive action, however, must "arise under" federal law, and not be based merely on diversity of citizenship or another, nonsubstantive jurisdictional statute. *See Franchise Tax Board*, 463 U.S. at 19 n. 19, 103 S.Ct. at 2451 n. 19. Janakes's first assertion of jurisdiction fails to meet this requirement. Janakes asserted jurisdiction under 39 U.S.C. § 409(a), which provides that except for appeals to the courts of appeal from certain rate decisions, *see* 39 U.S.C. § 3628, "the United States district courts shall have original but not exclusive jurisdiction over all actions brought by or against the Postal Service." This statute, however, does not confer subject matter jurisdiction for actions in which the Service is a party, but requires a "substantive legal framework" of federal law to confer federal subject matter jurisdiction. *Peoples Gas, Light & Coke Co. v. United States Postal Service*, 658 F.2d 1182, 1189 (7th Cir.1981). This statute merely removes the barriers of sovereign immunity. *See id.*

Similarly, we cannot resolve this jurisdictional question by observing that the Ser-

vice could invoke 28 U.S.C. § 1345 in a suit against Janakes. Section 1345 provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." The Service is expressly authorized to sue, see 39 U.S.C. § 401(1), and also is an "agency" within the meaning of the statute. "The term 'agency' includes any ... independent establishment ... of the United States." 28 U.S.C. § 451. *See also Acron Investments, Inc. v. Federal Savings & Loan Insurance Corp.*, 363 F.2d 236, 239 (9th Cir.), *cert. denied*, 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966). The Service was established "as an independent establishment of the executive branch," 39 U.S.C. § 201, and thus can avail itself of 28 U.S.C. § 1345. Nevertheless, section 1345 is a nonsubstantive jurisdictional statute, akin to diversity, which requires no independent substantive basis. Thus, it does not satisfy the requirement that the declaratory judgment defendant's action "arise under" federal law. *See Franchise Tax Board*, 463 U.S. at 19 n. 19, 103 S.Ct. at 2851 n. 19.

■ These initial jurisdictional inquiries aside, we must focus on the nature of a well-pleaded complaint that the Service could bring for reimbursement of COP. There are only two possible bases for such a cause of action: a statute or the common law. If the Service has a well-pleaded statutory claim, then a coercive action by it for reimbursement would "arise under" a United States statute. 28 U.S.C. § 1331. If not, then the question of jurisdiction turns on whether a well-pleaded common-law complaint would be a federal common-law action. If so, then the action also would "arise under" the "laws" of the United States. *See Illinois v. City of Milwaukee*, 406 U.S. 91, 99, 92 S.Ct. 1385, 1390, 31 L.Ed.2d 712 (1972). Under either circumstance, a hypothetical suit could be brought by the Service and therefore, Janakes's declaratory relief action would be supported by jurisdiction.

We conclude that a well-pleaded coercive suit by the Service would have a statutory basis. Under 5 U.S.C. § 8132, if a beneficiary of FECA receives money or property in satisfaction of a liability incurred by a third party for an injury or death compensable under the subchapter, "the beneficiary, after deducting ... the costs of suit and a reasonable attorney's fee, shall refund to the United States the amount of compensation paid by the United States." Moreover, 5 U.S.C. § 8131(a) grants the government power to force the beneficiary either to prosecute an action against the third party in the beneficiary's name, or to assign his rights of action to the government to the extent the government is entitled to share in the proceeds. The Supreme Court recently construed section 8132, and made the following observation about the nature of the government's rights under the statute:

> § 8132 does not confine the United States to the rights of a subrogee with respect to the specific classes of expenses paid by it to injured employees under FECA; instead *it expressly creates a general right of reimbursement* that obtains without regard to whether the employee's third-party recovery includes losses that are excluded from FECA coverage.

*United States v. Lorenzetti*, —— U.S. ——, 104 S.Ct. 2284, 2289, 81 L.Ed.2d 134 (1984) (emphasis added).

Thus, we hold that section 8132 creates a right of action on which the government may base a claim for reimbursement in federal court under 28 U.S.C. § 1331. This result is consistent with our earlier case in which we held that section 8132 creates a statutory right to reimbursement even though the right itself derives from a common-law theory of quasi-contract. *See United States v. Limbs*, 524 F.2d 799, 801 (9th Cir.1975). Our conclusion is also consistent with those cases that entitle the government to maintain a coercive action for reimbursement under this section or its predecessor, *see id.*; *United States v. Klein*, 153 F.2d 55, 59 (8th Cir.1946) (maintained under the predecessor Employee's Compensation Act), and those cases litigating declaratory judgments brought by em-

ployees seeking an interpretation of section 8132 to avoid reimbursement of noneconomic losses. *See, e.g., Lorenzetti,* 104 S.Ct. at 2288; *Ostrowski v. United States Department of Labor,* 653 F.2d 229, 229–30 (6th Cir.1981) (per curiam).

By concluding that section 8132 enables the government to maintain a coercive suit for reimbursement in federal court under 28 U.S.C. § 1331, we need not decide whether any suit by the Service on common-law theories of equitable subrogation or quasi-contract would arise under federal common law. Jurisdiction has been established.

■ On appeal, however, the Service abandoned its statutory claims and elected to stand only on its common-law rights. The Service's waiver of its statutory claim, however, does not affect our jurisdictional analysis because the parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction. *See, e.g., Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 2404 n. 21, 57 L.Ed.2d 274 (1978); *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951). A well-pleaded complaint in a coercive action for reimbursement of COP by the Service under section 8132 would not be frivolous, and this enables Janakes to maintain his declaratory judgment action in federal court, regardless of how the Service argues the case on the merits.

## III

■ Although the Service's abandonment of its statutory claim does not affect our jurisdictional determination, it narrows our inquiry on the merits. The summary judgment now must stand or fall on whether the Service has a common-law right of equitable subrogation or quasi-contract apart from the statute. The district court based its summary judgment not only on the statutory claim but also on a common-law claim: "In accordance with general workers' compensation principles, an employer should be subrogated to whatever rights the employee may have against the third party whose negligence or wrongful act caused the employee's loss."

■ Janakes argues that FECA establishes the government's exclusive remedy, and that the Service has no common-law rights to reimbursement apart from those embodied in the statute. We agree. In *Klein,* the Eighth Circuit construed the predecessor to sections 8131 and 8132, and concluded:

We are of the view that the statutory provisions above referred to furnish the exclusive remedy and that resort cannot be had to any common law remedies. Where an Act of Congress deals with the subjects to which it relates, that Act is paramount and exclusive, and recovery, if at all, must be had in the mode and by and for the persons, and for the reasons, designated in the Act.

*Klein,* 153 F.2d at 59 (citations omitted). In *Limbs,* we concluded that FECA section 8132 embodied the common-law rights to reimbursement. *Limbs,* 524 F.2d at 801. Section 8131 by its terms embodies and enlarges the government's common-law rights of subrogation. *See* 5 U.S.C. § 8131; *see also Lorenzetti,* 104 S.Ct. at 2290 & n. 4. Finally, the Supreme Court has concluded that FECA is the "*comprehensive* injury-compensation statute for federal employees." *Id.* at 2290 (emphasis added); *see id.* at 2286.

The only reasonable construction of the statute and the cases interpreting it is that FECA is comprehensive both for the employee and the employer, and the Service's rights to reimbursement and subrogation, whatever they may have been at common law, are now controlled exclusively by sections 8131 and 8132. The Service can abandon its rights under these sections. *See United States v. Limbs,* 356 F.Supp. 1004, 1016 n. 29 (D.Ariz.1973) (government abandoned its rights to force the Limbs to sue under section 8131 by inaction), *affirmed in part, reversed in part on other grounds,* 524 F.2d 799 (9th Cir.1975). Because the Service expressly abandoned its contention that it had any statutory rights and elected to stand on its common-law remedies, it has conceded Janakes's right to a declaration that the Service has no rights under the statute. Since we conclude that the Service has no common-law

remedies apart from the statute, however, Janakes also is entitled to a declaration on this issue. Therefore, we reverse the summary judgment in favor of the Service, and remand with instructions to enter summary judgment in favor of Janakes.

We are aware that this result may permit Janakes to obtain a double recovery of his COP payments. The Supreme Court recognized that one of the policies behind FECA was to prevent double recoveries of compensation. *See Lorenzetti,* 104 S.Ct. at 2291. Nevertheless, despite this result, we cannot determine for ourselves whether Congress also intended to eliminate double recovery to the extent of COP because that issue is no longer before us. Although Janakes initially filed his suit as a class action, the class was never certified. Therefore, the Service is not foreclosed from asserting whatever statutory rights it may have against other recipients of COP. *Cf. Zepeda v. INS,* 753 F.2d 719, 727–28 & n. 1 (9th Cir.1985) (as amended).

REVERSED AND REMANDED WITH INSTRUCTIONS.