799 F.2d 1312
 24 ERC 1985, 16 Envtl. L. Rep. 20,954
 LEVIN METALS CORPORATION, et al., Plaintiffs
Counter-Defendants/Appellees,
v.
PARR-RICHMOND TERMINAL CO., a dissolved corp., John Parr
Cox, Parr Industrial Corp. and Fred Parr Cox,
Defendants Counter-Claimants/Appellants,
v.
R.J. PRENTISS & CO., INC., a corporation,
Counter-Defendant/Appellee.
PARR-RICHMOND TERMINAL CO., a dissolved corp., John Parr
Cox, Plaintiffs- Appellants,
v.
RICHARD LEVIN METALS CORPORATION, et al., Defendants-Appellees.
 Nos. 85-2126, 85-2144.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 14, 1986.
Decided Sept. 15, 1986.
 
 David Mulliken, Latham & Watkins, San Diego, Cal., Peter Gillon, McKenna, Conner & Cuneo, Washington, D.C., David Giannotti, McKenna, Conner & Cuneo, San Francisco, Cal., for appellee.
 Arthur R. Alberecht, Thacher, Albrecht & Ratcliff, Kenneth E. Keller, Bronson, Bronson & McKinnon, San Francisco, Cal., for appellant.
 Appeal from the United States District Court for the Northern District of California.
 Before NELSON, CANBY and JOHN T. NOONAN, Jr., Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 Parr-Richmond appeals the dismissal of its counterclaim filed in district court action No. C-84-6273 SC (the Levin Metals action) and of its complaint filed in district court action No. C-84-6324 JPV. Both the counterclaim and the complaint sought declaratory judgment that Parr-Richmond is not liable for response costs incurred by others under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. Secs. 9601-9657 (CERCLA). The district court based its dismissal on Parr-Richmond's failure to allege that it had incurred response costs under CERCLA. Levin Metals Corp. v. Parr-Richmond Terminal Co., 608 F.Supp. 1272 (D.C.Cal.1985). We reverse and remand.
 
 FACTS:
 
 2
 Levin Metals Corporation and Levin-Richmond Terminal Corporation (collectively referred to as Levin Metals) purchased a parcel of land in Richmond, California, from Parr-Richmond Terminal Company in April 1981 for eight million dollars. The property was discovered to be contaminated by hazardous wastes.[1] On August 10, 1983, counsel for Levin Metals wrote to Parr-Richmond Terminal Company, Parr Industrial Corporation, John Parr Cox and Fred Cox (collectively referred to as Parr-Richmond). The letter stated:
 
 
 3
 Demand is hereby made pursuant to Section 9612(a) of the Comprehensive Environmental Response, Claims and Liability Act that you, as a responsible party under Section 9607, reimburse Levin within sixty (60) days for the necessary costs of response it has incurred to date, and assume responsibility for taking all further corrective action required by the Department of Health Services and/or other public agencies to remedy the contamination on the property.
 
 
 4
 In addition, Levin Metals indicated that it believed it had a claim against Parr-Richmond for fraud. Parr-Richmond refused to compensate Levin Metals. On February 1, 1984, Levin Metals filed in California superior court a "Complaint for Fraud, Breach of the Duty of Good Faith and Fair Dealing, Negligence, Nuisance, Tortious Breach of Statutorily Imposed Duty, Declaratory Relief and Indemnity."
 
 
 5
 In September 1984, Parr-Richmond removed the Levin Metals action to federal district court asserting that the federal court had exclusive original jurisdiction over the action pursuant to 42 U.S.C. Sec. 9613(b). Also in September 1984, Parr-Richmond filed a complaint in federal court against Levin Metals and other parties for declaratory relief of nonliability under CERCLA. In October 1984, Parr-Richmond filed a counterclaim in the removed Levin Metals action. That counterclaim was virtually identical to the complaint Parr-Richmond had filed in September. The district court consolidated the Levin Metals action and the Parr-Richmond action as related cases.
 
 
 6
 This appeal arises from the district court's rulings on a motion to dismiss filed by Prentiss Drug & Chemical Co., Inc., and R.J. Prentiss and Co., Inc., a dissolved corporation (hereafter Prentiss). These parties were Parr-Richmond's codefendants in the Levin Metals action and defendants to the declaratory judgment complaint and counterclaim.
 
 
 7
 The district court dismissed the Parr-Richmond complaint and counterclaim for failure to state a claim under CERCLA.[2] The district court also dismissed the Levin Metals complaint for lack of federal subject matter jurisdiction and remanded it to the California court. Parr-Richmond appeals.
 
 DISCUSSION:
 
 8
 The district court's order remanding the Levin Metals action to state court on the ground of lack of jurisdiction is not reviewable in this appeal. 28 U.S.C. Sec. 1447(c), (d). See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976). The district court's simultaneous dismissal of Parr-Richmond's counterclaim is, however, separately reviewable if the counterclaim is supported by a basis for federal subject matter jurisdiction that exists independent of the original complaint. See DHL Corp. v. Loomis Courier Service, Inc., 522 F.2d 982, 985 (9th Cir.1975); Pioche Mines Consol., Inc. v. Fidelity-Philadelphia Trust Co., 206 F.2d 336, 336-37 (9th Cir.), cert. denied, 346 U.S. 899, 74 S.Ct. 225, 98 L.Ed. 400 (1953); Elliott v. Federal Home Loan Bank Bd., 233 F.Supp. 578; 588-89 (S.D.Cal.1964), reversed on other grounds, 386 F.2d 42 (9thCir.1967), cert. denied, 390 U.S. 1011, 88 S.Ct. 1261, 20 L.Ed.2d 161 (1968); United States v. Professional Air Traffic Controllers Organization (PATCO), 504 F.Supp. 442, 443 n. 1 (N.D.Ill.1980), reversed, 653 F.2d 1134 (7th Cir.), cert. denied, 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 617 (1981).
 
 
 9
 Independent Basis for Federal Subject Matter Jurisdiction.
 
 
 10
 The Declaratory Judgment Act permits a federal court "in a case of actual controversy within its jurisdiction ... [to] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. Sec. 2201. The Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950); Janakes v. United States Postal Service, 768 F.2d 1091, 1093 (9th Cir.1985). It was enacted to afford an added remedy to one who is uncertain or his rights and who desires an early adjudication without having to wait until he is sued by his adversary. See, e.g., McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339, 342 (9th Cir.) (quoting Shell Oil Co. v. Frusetta, 290 F.2d 689, 691-92 (9th Cir.1961)), cert. denied, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966).
 
 
 11
 Parr-Richmond's counterclaim seeks a declaration that it has no liability under CERCLA for the response costs or damages of the declaratory judgment defendants or "at all." When a declaratory judgment plaintiff asserts a claim that is in the nature of a defense to a threatened or pending action, the character of the threatened or pending action determines whether federal question jurisdiction exists with regard to the declaratory judgment action. Public Service Com'n of Utah v. Wycoff Co., Inc., 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952); Nuclear Engineering Co. v. Scott, 660 F.2d 241, 253 (7th Cir.1981), cert. denied, 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982).[3] "If ... the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights," jurisdiction exists for declaratory relief. Janakes, 768 F.2d at 1093 (emphasis added).
 
 
 12
 Of the declaratory judgment defendants here, Levin Metals could bring a coercive action against Parr-Richmond under CERCLA, because Levin Metals had alleged that it had incurred "response costs" and had threatened Parr-Richmond with a CERCLA action. That action would clearly qualify for federal question jurisdiction. Parr-Richmond's declaratory judgment counterclaim is, therefore, supported by an independent basis for federal subject matter jurisdiction. See Janakes, 768 F.2d at 1093-94.
 
 Stating a Claim[4]
 
 13
 CERCLA permits a party who has incurred response costs consistent with the national contingency plan to seek recovery from others who caused the offending condition. 42 U.S.C. Sec. 9607(a)(4)(B). The district court held that Parr-Richmond had failed to state claims for declaratory relief because it had not alleged that it had incurred necessary costs of response and that it had incurred such costs consistent with the national contingency plan. This ruling clearly put the shoe on the wrong foot. Parr-Richmond is seeking declaratory protection from a coercive CERCLA claim by Levin Metals or others; it is Levin Metal's potential complaint that must allege that Levin incurred necessary response costs consistent with the national contingency plan. To require Parr-Richmond, the potential defendant, to have incurred response costs is to impose a requirement of a plaintiff's CERCLA claim on a defendant. Imposition of such a requirement defeats the broad remedial purpose of the Declaratory Judgment Act. See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937).
 
 
 14
 The district court relied on D'Imperio v. United States, 575 F.Supp. 248 (D.N.J.1983). In D'Imperio, the plaintiffs were the owners of a tract of land that was contaminated by hazardous substances. They sued for declaratory judgment (1) that they were not liable for costs to clean up the site and (2) that to the extent that they incurred necessary costs of recovery, those costs were recoverable from either the Superfund or other responsible parties. The D'Imperio court analyzed each claim separately. The court held that the plaintiffs' claim for a declaration of nonliability was not ripe because the EPA's actions did not "represent a finding of possible liability of sufficient immediacy to merit declaratory relief." Id. at 252. With regard to the plaintiffs' claim for a declaration that they were entitled to reimbursement from the Superfund or other responsible parties, the court found that claim unripe because plaintiffs had not incurred any response costs. Id. at 253.
 
 
 15
 Parr-Richmond seeks a declaration of nonliability, the first issue addressed by D'Imperio. An action seeking a declaration of nonliability is ripe when
 
 
 16
 [o]ne's fears [are] sufficiently real and immediate, based on the actions or representations of one's potential adversary or based on actions one desires to take which may run afoul of a law or agreement, valid or otherwise.
 
 
 17
 Id. at 251. Application of this test to the Parr-Richmond complaint demonstrates that Parr-Richmond's claim for declaratory relief is ripe at least as to Levin Metals. Levin Metals notified Parr-Richmond of its pending claim for reimbursement of response costs. Parr-Richmond rejected that claim. Although Levin Metals had not filed a CERCLA action prior to the time Parr-Richmond brought this declaratory judgment action,[5] "[t]he actual enforcement of a statute or regulation, or the commencement of suit by a private party is no prerequisite of a suit to establish non-liability." Id. at 251 (citing Doe v. Bolton, 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1973); Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972)).
 
 
 18
 The second ruling by the D'Imperio court, and the portion of the opinion on which the district court here relied, was on the plaintiffs' prayer for a declaration that, if they incurred response costs, they were entitled to reimbursement from the Superfund or someone else. The court concluded that this claim was not ripe because plaintiffs had not incurred any response costs. This portion of the D'Imperio decision does not apply to Parr-Richmond because Parr-Richmond does not seek a declaration that it is entitled to reimbursement from the Superfund or someone else. Thus, the district court's reliance on this part of D'Imperio is misplaced.
 
 Conclusion
 
 19
 Because the district court dismissed Parr-Richmond's counterclaim and complaint on an erroneous ground, we must reverse. There still may remain questions, however, as to the sufficiency of Parr-Richmond's claims. Congress imposed strict, but not absolute, liability under CERCLA. State of New York v. Shore Realty Corp., 759 F.2d 1032, 1042 (2d Cir.1985) (discussing legislative history of CERCLA). It provided defenses to liability for "causation solely by an act of God, an act of war, or acts or omissions of a third party other than an employee or agent of the defendant or one whose act or omission occurs in connection with a contractual relationship with the defendant." Id.; 42 U.S.C. Sec. 9607(b). Consequently, in order to state a claim for a declaration of nonliability, the declaratory judgment plaintiff must base its claim of nonliability on one or more of the statutory affirmative defenses.
 
 
 20
 We, therefore, reverse the dismissal of Parr-Richmond's declaratory judgment counterclaim and complaint and remand to the district court to determine in accordance with this opinion whether Parr-Richmond has stated a claim for declaratory relief.[6]
 
 
 21
 REVERSED AND REMANDED.
 
 
 
 [1]
 Levin Metals alleges that the property and the underlying ground water and surrounding water are contaminated with DDT, DDE, DDD, aldrin, lindane, dieldrin and heavy metals
 
 
 [2]
 The dismissals were as to all defendants/counter-defendants, not just Prentiss, the party bringing the motion. Montrose Chemical Corporation of California joins as an appellee in this appeal
 
 
 [3]
 While it is clear that a declaratory judgment plaintiff may not premise his action on a federal defense if that question would arise only as a federal defense to a state law claim, Janakes, 768 F.2d at 1093, Parr-Richmond seeks an affirmative declaration of non-liability, not a declaration that it has a federal defense to a state law claim
 
 
 [4]
 We review de novo the district court's dismissal for failure to state a claim. Guillory v. County of Orange, 731 F.2d 1379, 1381 (9th Cir.1984)
 
 
 [5]
 The parties have advised us that Levin Metals subsequently filed a CERCLA action
 
 
 [6]
 We recognize that not all of the declaratory judgment defendants claim to have incurred response costs and presented a CERCLA claim to Parr-Richmond. Nevertheless, all persons who have an interest in determination of the questions raised in the declaratory judgment suit should be before the court. See Diamond Shamrock Corp. v. Lumbermens Mutual Casualty Co., 416 F.2d 707, 710 (7th Cir.1969). The district court may consider on remand the propriety of joining these parties under Federal Rules of Civil Procedure 19 or 20
 We likewise leave for resolution by the district court the contention of R.J. Prentiss & Co., Inc., that no action can be maintained against it, a dissolved corporation. That contention was not a subject of the district court's ruling on appeal here, and we decline to address it in the first instance. See Levin Metals Corp. v. Parr-Richmond Terminal Co., 631 F.Supp. 303 (N.D.Cal.1986).