**STATE OIL COMPANY, an Illinois corporation, Plaintiff,**

v.

**Emad ALAYOUBI, d/b/a A & A Quick Mart, Inc., Defendant.**

No. 95 C 5522.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 18, 1995.

**1234**

Mitchell M. Iseberg, Chicago, IL, for plaintiff.

Daniel Kevin Sinclair, Gurnee, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff in this action, State Oil, has filed a complaint seeking a declaration of its rights and obligations under the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* (1982) ("PMPA"). The defendant, Emad Alayoubi, d/b/a A & A Quick Mart, Inc., has moved to dismiss this complaint for lack of subject matter jurisdiction. For the reasons stated below, Mr. Alayoubi's motion is denied.

Mr. Alayoubi claims that the PMPA only grants jurisdiction to federal courts to hear suits in which a franchisee sues a franchisor. *See* 15 U.S.C. § 2805(a) ("If a franchisor fails to comply with the [statutory] requirements ..., the franchisee may maintain a civil action against such franchisor."). Because in this case the franchisor has filed suit, Mr. Alayoubi argues that I do not have jurisdiction to hear this case. In support of his argument he cites *State Oil Company v. Khan*, 839 F.Supp. 543 (N.D.Ill.1993).

In *Khan*, Judge Norgle held that he did not have jurisdiction to hear a suit brought by State Oil against one of its franchisees. In so doing, he departed from *Amoco Oil v. Johnstone*, 856 F.2d 967, 968 n. 1 (7th Cir. 1988), *cert. denied*, 490 U.S. 1046, 109 S.Ct. 1954, 104 L.Ed.2d 423 (1989), in which the Seventh Circuit noted that "[t]he district court found ample jurisdiction to hear" a PMPA suit brought by a franchisor against a franchisee. Judge Norgle distinguished that case, and others similarly exercising jurisdiction, by noting that in *Johnstone* the franchisor sought a declaration of its rights under the PMPA. In contrast, in *Khan* the plaintiff brought suit under the Illinois forcible entry and detainer statute. The defendant then counterclaimed with alleged violations of the PMPA. Judge Norgle recognized that he could not consider the defendant's counterclaims in deciding whether he had subject matter jurisdiction. Because State Oil's suit did not "arise under" a federal statute, he did not have jurisdiction over it. In contrast, in the case before me State Oil seeks a declaration of its rights and obligations under the PMPA.

One of the occasions on which I have federal question jurisdiction over a declaratory judgment action is when I would have had federal question jurisdiction if the defendant had brought a coercive suit. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 19, 103 S.Ct. 2841, 2851, 77 L.Ed.2d 420 (1983) ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question."); *Janakes v. United States Postal Service*, 768 F.2d 1091, 1093 (9th Cir.1985) (finding it has jurisdiction over a declaratory judgment action where the defendant could have brought a coercive suit that would arise under federal law). *See also Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242–43, 97 L.Ed. 291 (1952) ("Where the complaint in an action for declaratory judgment seeks in essence to

assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court.")

Here there is no question that Mr. Alayoubi could sue State Oil to "enforce its rights" under the PMPA. I therefore have jurisdiction over this suit and Mr. Alayoubi's motion to dismiss is denied. *See Texaco Refining and Marketing Inc. v. Davis*, 835 F.Supp. 1223, 1231 (D.Or.1993) (holding that there is subject matter jurisdiction over a declaratory judgment action brought by a franchisor to establish rights under the PMPA), *aff'd*, 45 F.3d 437 (9th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 2000, 131 L.Ed.2d 1001 (1995).[1]

---

**1.** Accordingly, this court disagrees with the conclusion reached in *Winks v. Feeney Oil Co.*, 731 F.Supp. 322, 326–27 (C.D.Ill.1990) (holding that there is no subject matter jurisdiction over a declaratory judgment action brought by a franchisor, allegedly under the PMPA).