**ADMIRAL FINANCIAL CORPORATION, Plaintiff,**

**and**

**Federal Deposit Insurance Corporation, Intervenor–Plaintiff,**

**v.**

**THE UNITED STATES of America, Defendant.**

No. 93–489C.

United States Court of Federal Claims.

Jan. 10, 2002.

Thomas J. Meeks, Miami, FL, with whom were Alan G. Greer, Miami, FL, and Lynn F. Kaufmann, Washington, D.C., for Plaintiff, Admiral Financial Corporation.

Arlene Pianko Groner, with whom were F. Jefferson Hughes, Jeanne E. Davidson, David M. Cohen, and David W. Ogden, Department of Justice, Washington, D.C., for Defendant.

Thomas D. Luck, Washington, D.C., with whom were Marion Jowaisas, Dallas, TX, and John M. Dorsey III, Washington, D.C., of counsel, for Plaintiff Intervenor, Federal Deposit Insurance Corporation.

## OPINION

BASKIR, Chief Judge.

Defendant's motion to dismiss the claims of Intervenor–Plaintiff, Federal Deposit Insurance Corporation (FDIC), is GRANTED. The FDIC's claims fail to satisfy the case-or-controversy requirement and are untimely under 28 U.S.C. § 2501. This Opinion confirms the Court's oral ruling of December 18, 2001.

## I. *Standing/Justiciability*

The Court finds that the FDIC presents claims of a non-justiciable nature. As a result, the FDIC lacks standing to intervene in this matter under the standards set forth in *Landmark Land Co. v. United States*, 256 F.3d 1365 (Fed.Cir.2001), *reh'g en banc denied* (Nov. 15, 2001) and *Glass v. United States*, 258 F.3d 1349 (Fed.Cir.2001), *reh'g en banc denied* (Nov. 15, 2001).

Article III, Section 2 of the United States Constitution confines our judicial power to cases and controversies between adverse parties. There is no case-or-controversy where, as here, the Government, in the guise of the FDIC, is suing the Government, in the guise of the FDIC, and recovery from the United States benefits the United States. To avoid the result in *Landmark* and *Glass*, the FDIC must seek a dollar recovery that repays the FSLIC Resolution Fund (FRF) and still provides additional amounts to pay other non-governmental creditors. If all the FDIC's suit does is repay itself, an instrumentality of the Government, its claims must be dismissed.

The FDIC in this case claims $8.8 million in damages. These damages, awarded from the FDIC, will be recovered solely by the FDIC, as priority creditor of the failed thrift, Haven Federal Savings and Loan Association (Haven). Even were we to award the FDIC its full award under its claim, the recovery would not satisfy the amount of the total receivership deficit which is owed the FRF, an estimated $32.8 million, and $70 million if interest is included. Consequently, no parties other than the Government will be affected by the FDIC's claim. Because the FDIC's claim would simply funnel money from one FDIC sub-account to another, the FDIC is not adverse to the United States as defendant. *See, e.g., Landmark*, 256 F.3d at 1382; *Glass*, 258 F.3d at 1355.

The FDIC's newly articulated arguments attempt to establish a case-or-controversy by transforming the FDIC's Complaint into a dispute against the Plaintiff, Admiral Financial Corporation, instead of against the United States, as its Complaint explicitly states. The FDIC suggests that there may be a dispute as to the ownership of certain Admiral claims, such as a $115 million lost profits claim and approximately $14 million sought for recovery of the supervisory goodwill promised by the government; the FDIC contends these claims rightly belong to Haven and, by succession, to the FDIC. Accordingly, this "dispute" confers standing under *Glass* and *Landmark*, because Admiral's claims may not be fully adjudicated without regard to the FDIC's claims.

We reject this argument on a number of grounds. First, we do not interpret *Glass* and *Landmark* to recognize such an exception to the case-or-controversy requirement. FDIC has cited no other authority for the concept that a plaintiff suing a defendant against which it has no adverse interest, can nonetheless satisfy the case-or-controversy requirement by asserting it has a dispute with another plaintiff. Second, if there is a dispute as to ownership of a claim, we would expect the Government to protect the fisc in the event that Admiral seeks to recover on a claim belonging to another party. This is especially so in this case, since that other party (the FDIC) manages the FRF, which in turn funds the Justice Department's litigation costs to defend this lawsuit. Congress has charged the Department of Justice with defending agencies of the United States from improper claims. *See* 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, . . . is reserved to officers of the Department of Justice, under the discretion of the Attorney General.")

Finally, there appear to be no disputed or overlapping claims. Admiral has represented that its claims are direct claims against the United States for breach of Admiral's contract and property rights, not those of any other party; it does not bring any claims on behalf of Haven. Admiral has also ex-

pressly disavowed any intention to pursue lost profits. And although Admiral's restitution theory may share the supervisory goodwill component of a potential Haven claim, Admiral's cause of action is independent of any claim that could have been brought by Haven. In any event, even if that claim is properly the FDIC's, adding the $14 million Admiral claims to the $8.8 million currently sought would still not exceed the amount of the FDIC's subrogated claim. Therefore, the FDIC can not establish standing under *Landmark* and *Glass*.

Accordingly, the Government's motion to dismiss is GRANTED based upon Intervenor–Plaintiff's lack of standing.

## II. *Statute of Limitations*

The Court also finds that FDIC's claims are barred by the statute of limitations.

The applicable statute of limitations provides:

> Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition is filed within six years after such claim first accrues.

28 U.S.C. § 2501 (2001). This statute is jurisdictional and may, therefore, not be waived. *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573 (Fed.Cir.1988); *see* 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE Jurisdiction 3d § 3654 and n. 21 (West 1998) ("[A]n action against the government may be brought only in the particular court designated in the consent statute and within the time limits set out in the applicable statute, which means that a statute of limitations defense cannot be waived by the government . . .").

The Attorney General has no more authority than does the Court to alter the terms of the statutory waiver of sovereign immunity contained within Section 2501. The tolling agreement cited by the FDIC is, therefore, of no legal effect. *See Castle v. United States,* 48 Fed.Cl. 187, 194–95 (2000). Although the Department of Justice represented that it had the authority to enter into this agreement, it lacks the power to alter the

Congressional definition of the waiver of sovereign immunity. *See* 1 FED. PROC., L. ED. § 1:441 (1995)("The immunity of the United States from suit may be waived by Congress and only by Congress, and not by government officials."); *cf., Janakes v. United States Postal Serv.,* 768 F.2d 1091, 1095 (9th Cir.1985) (waiver of statutory claim of no consequence, as "parties cannot by stipulation or waiver grant or deny federal question jurisdiction.")

We also note that the FDIC does not fit within the terms of this agreement. It requires the FDIC to withhold filing lawsuits until 120 days after a final decision in *Winstar Corp. v. United States,* during which time the FDIC and the Department of Justice are to attempt to settle the claims. Only lawsuits filed between the 121st and 130th day after the *Winstar* judgment are subject to the agreement's tolling.

Care must be taken when attempting to apply to this Court's strict jurisdictional statute of limitations those legal doctrines that pertain to the statute of limitations as a defense in circumstances not involving sovereign immunity. *See Derrickson v. Circuit City Stores, Inc.,* 84 F.Supp.2d 679, 685 (D.Md.2000)("agreements to toll applicable statutes of limitations are not unusual and are usually upheld"); *compare, Hopland,* 855 F.2d at 1577 ("6–year limitations period of section 2501 serves as a jurisdictional limitation rather than simply as an affirmative defense"). An ordinary defendant presumably may contract away the defense, or lose it, or have it tolled on equitable grounds. But the FDIC was unable to point to any governing authority that applied the doctrine of equitable tolling to the statute of limitations in our jurisdictional aspect. It merely cited *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), to suggest that our statute of limitations is subject to equitable tolling. But we need not decide whether the doctrine of equitable tolling applies to Section 2501. Even assuming it does, the FDIC has not shown us authority that would invoke it in the circumstances of this case, and we decline to do so. The FDIC, as a government agency with its own legal department, hardly presents the

equities in which we might apply the doctrine of equitable tolling. *See, e.g., Irwin,* 498 U.S. at 96, 111 S.Ct. 453 (equitable tolling applied only sparingly, in situations where claimant filed a defective pleading during the statutory period, or where he has been induced or tricked into allowing the statutory period to pass). The FDIC should have done its own legal homework.

Finally, the FDIC argues that its claim should "relate back" to the date Admiral filed suit. The "relation back" concept for statutes of limitations purposes ordinarily applies when the real party in interest seeks to displace the original, timely plaintiff, which is suing in a derivative capacity. Beyond citing this principle and referring to a single paragraph in Admiral's complaint, the FDIC has not articulated why it believes this principle applies to its intervention in this case where Admiral is avowedly *not* suing in a derivative capacity. It has also failed to cite any legal authority to substantiate its assertion. Nor, in the last analysis, has it been able to show why the "relation back" found by Judge Wiese in *Castle v. United States,* 48 Fed.Cl. 187 (2000) should be followed despite the FDIC's very different legal and factual posture in this case.

Accordingly, the Court also finds that the FDIC's claim should be DISMISSED as untimely for failure to file within the statute of limitations pursuant to 28 U.S.C. § 2501.

### III. *Conclusion*

The claims of Intervenor–Plaintiff, FDIC, do not establish a case-or-controversy. Moreover, the claims were untimely and thus fail to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 2501. **There being no just reason for delay, the Clerk of Court is directed to enter judgment for Defendant as to the claims of FDIC, and dismiss the Complaint in Intervention of Plaintiff FDIC.** Each party is to bear its own costs.

**IT IS SO ORDERED.**