**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLETCHER COREY, | No. 11-15891 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00290-LDG-LRL |
| v. | |
| UNITED STATES POSTAL SERVICE; UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted September 10, 2012[**]
San Francisco, California

Before: ALARCÓN, THOMAS, and BERZON, Circuit Judges.

Fletcher Corey appeals the district court's dismissal for lack of subject

matter jurisdiction of his action seeking declaratory relief regarding the grievance-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

related documents the United States Postal Service (USPS) is legally required to keep in its system of records.  Because the parties are familiar with the history of the case, we need not recount it here.  We affirm.

The Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, "does not confer jurisdiction by itself if jurisdiction would not exist on the face of a well-pleaded complaint."  *Janakes v. United States Postal Service*, 768 F.2d 1091, 1093 (9th Cir. 1985).  "If, however, the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights," then the court has subject matter jurisdiction over the plaintiff's claim.  *Id.*

Corey concedes that USPS did not have any legal action pending against him or threatened against him when he filed his complaint, but he argues that USPS could have brought a hypothetical coercive action against him under the Privacy Act, 5 U.S.C. § 552a.  However, the Privacy Act "creates federal claims for relief for enumerated violations of the Act's substantive provisions only to actions brought by an individual."  *Cell Associates, Inc. v. NIH*, 579 F.2d 1155, 1157 (9th Cir. 1978) (internal quotation marks omitted).  Parties who "are not individuals . . . lack standing to raise a claim under the Privacy Act.  *St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (internal quotation marks omitted).  USPS is not an "individual" under the Privacy Act.  5

U.S.C. § 552a(2). Thus, the Privacy Act does not confer on USPS any rights that it could potentially enforce against Corey in a hypothetical coercive action. Because Corey asserts no other basis for a hypothetical coercive action USPS could bring against him, the district court correctly dismissed his claim.

**AFFIRMED.**