**UNITED MINE WORKERS OF AMERICA INTERNATIONAL UNION; United Mine Workers of America, District 2; United Mine Workers of America Local 1742; Frank Steele and Stanley Niemiec, Plaintiffs,**

v.

**G.M. & W. COAL COMPANY; Intercarbon Coal Company; Jennerstown Mining, Inc.; Hardhat Mining, Inc.; Lion Mining Company; Panther Coal Sales; Grove Equipment Company, and the United Mine Workers of America 1974 Benefit Trust, Defendants.**

Civ. A. No. 85–1675.

United States District Court,
W.D. Pennsylvania.

Nov. 12, 1985.

J. Craig Kuhn, Pittsburgh, Pa., for plaintiffs.

Marshall J. Conn, Pittsburgh, Pa., Nathaniel A. Barbera, John M. Cascio, Somerset, Pa., Edward S. Wardell, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

The United Mine Workers of America, its international, district and local offices, and a class of retired union miners bring an action against several coal mining concerns and the union's pension and benefit trust, following the sale of a coal mine in Somerset County, Pennsylvania. The complaint, seeking monetary damages and injunctive and declaratory relief, alleges that defendants have violated terms of a collective bargaining agreement and that retirement benefits will be wrongfully terminated. Jurisdiction is based on Section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185; Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, and

the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

All defendants have filed motions to dismiss based on lack of subject matter jurisdiction or failure to state a claim upon which relief can be granted. F.R.C.P. 12(b). After reviewing the allegations of the complaint and the applicable statutory and case law, we shall grant each and every motion to dismiss the complaint.

## I. *History of Case*

Based on the complaint, whose every averment must be considered as true on a motion to dismiss, plaintiff union and defendant G.M. & W. Coal Company are parties to a collective bargaining agreement known as the National Bituminous Coal Wage Agreement of 1981 (NBCWA). The agreement began on June 7, 1981, and expired on September 30, 1984, and covered defendant's Grove No. 1 Mine operation. Article I of the NBCWA obligated each signatory coal mine operator to bind any purchaser of its mine operation to the same terms of the contract. Article I stated, in pertinent part:

> In consideration of the Union's execution of this Agreement, each Employer promises that its operations covered by this Agreement shall not be sold, conveyed, or otherwise transferred or assigned to any successor without first securing the agreement of the successor to assume the Employer's obligations under this agreement.

The NBCWA further stated, in Article XXIX, that the terms and conditions of the contract, with the exception of certain health and life insurance benefits, would not continue past the termination of the agreement. Exhibit "A" to Complaint.

In June 1985, approximately nine months after the contract termination, but while negotiations for a new agreement were taking place, G.M. & W. sold its Grove No. 1 Mine and its leases and equipment to defendants Lion, Panther and Grove. The agreement of sale did not require the new owners to abide by the terms of the collective bargaining agreement, which had expired the previous year.

The new owners have not assumed G.M. & W.'s obligations under the NBCWA, including the obligation to recognize the UMWA as the exclusive bargaining representative of its employees; the obligation to refrain from unilaterally altering the terms and conditions of employment during negotiations for a new agreement; the obligation to respect the seniority and other job rights of its employees; and the obligation to provide health and other non-pension retirement benefits.

The complaint states four counts. First, plaintiffs allege that defendants breached Article I of the NBCWA. Because this count alleges violation of a collective bargaining agreement between an employer and an employee union, subject matter jurisdiction is asserted under Section 301 of the LMRA. Second, plaintiffs claim that defendants tortiously interfered with lawful, enforceable obligations under the NBCWA. Jurisdiction is asserted under Section 301. Third, plaintiffs claim that defendant purchasers of Grove No. 1 Mine are subject to an equitable servitude, enforcing the terms of the NBCWA. Again, jurisdiction is based on Section 301. Finally, plaintiffs bring a pendent state law claim based on tortious interference with lawful, enforceable obligations under the NBCWA.

## II. *Jurisdiction under Section 301*

In order for federal courts to have subject matter jurisdiction, plaintiff's complaint must show that the case arises under federal law. *New Jersey State AFL–CIO v. State of New Jersey,* 747 F.2d 891 (3d Cir.1984). A claim arises under federal law only if "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Because federal jurisdiction is limited to causes of action arising under the Constitution or to those actions permitted by federal law, we must look for a specific grant of jurisdiction at the outset of every federal case.

■ In the instant case, plaintiffs' complaint bases subject matter jurisdiction over Counts I, II and III upon Section 301(a) of the LMRA. 29 U.S.C. § 185(a). That section states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without regard to the citizenship of the parties.

For jurisdiction to attach under Section 301, the plaintiff must assert a violation of a contract existing between an employer and a union. *Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549 (3d Cir.1983). Jurisdiction is present where the employer and a labor organization are bound by a collective bargaining agreement and the agreement "is the source of the obligation sought to be enforced." *Davis, supra* at 553; *Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre Local 120*, 647 F.2d 372 (3d Cir.1981), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982).

Jurisdiction under Section 301 extends only to breaches of contract. Absent a contract, jurisdiction over claims arising from an employer-labor organization relationship is not vested in the federal courts. Indeed, extra-contractual claims arising from the employment relationship, such as violation of the duty to bargain in good faith, the coercion of an employee in the exercise of his rights and the discrimination in the hiring of union employees, fall under the exclusive jurisdiction of the National Labor Relations Board, 29 U.S.C. § 158; *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

■ The complaint states unequivocally that the collective bargaining agreement had expired on September 30, 1984. "Following the expiration of the NBCWA," the complaint continues, "the UMWA and G.M. & W. have engaged in free collective bargaining for the purpose of negotiating *a successor agreement* to the NBCWA of 1981 covering the Grove No. 1 Mine...." (Emphasis added.) During these negotiations for a new agreement, G.M. & W. sold the mine. As defendants argue, plaintiffs appear to be stating an unfair labor practice under 29 U.S.C. § 158(a)(5), refusal to bargain collectively in good faith. Such a claim falls under the exclusive jurisdiction of the National Labor Relations Board. *Garmon, supra.*

Plaintiffs argue that the NBCWA survived its expiration date and that Article I of the agreement binds both the seller and purchasers of the Grove No. 1 Mine. In support, plaintiffs cite a number of cases involving sales of operations to successor employers while a collective bargaining agreement was in effect. *See*, for example, *Howard Johnson Co. v. Detroit Local Joint Executive Board*, 417 U.S. 249, 94 S.Ct. 2236, 41 L.Ed.2d 46 (1974); *American Bell Inc. v. Federation of Telephone Workers of Pennsylvania*, 736 F.2d 879 (3d Cir.1984). These cases are inapposite because each involves the viability of a contract that existed at the time the company was sold. In the instant case, according to the complaint, the collective bargaining agreement expired before the sale occurred.

We cannot find in the allegations of the complaint nor in the provisions of the NBCWA, attached as an exhibit to the complaint, any intent by the UMWA or G.M. & W. to perpetuate the agreement past its termination date. The 29–page agreement appears to be fairly bargained between two parties of equal bargaining strength. Both the UMWA international president and the Bituminous Coal Operators' Association, Inc. president appear to have agreed that the pact should end on September 30, 1984, at 11:59 p.m. Indeed, the termination language appears directly above their signatures evidencing their approval. To arbitrarily extend the effect of Article I, dealing with successor employer obligations, past the stated termination date would ig-

nore the plain language of the termination provision.

Therefore, we find that the complaint has not alleged a violation of an existing agreement between an employer and a labor organization, and that subject matter jurisdiction under Section 301 of the LMRA is not present.

### III. *Jurisdiction under ERISA*

Plaintiffs next allege that Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, vests this court with jurisdiction in declaring plaintiffs' (employees covered by the 1974 UMWA benefit plan) right to receive health and other non-pension retirement benefits from G.M. & W. and the 1974 Benefit Plan and Trust. According to the complaint, "such benefits may not be provided either by G.M. & W. or Defendant purchasers under the circumstances alleged hereinafter and the Trustees of the 1974 Benefit Plan may deny eligibility of the members of this class for benefits thereunder on the ground that seller and/or purchaser remain in business." Complaint at paragraph 10. The complaint does not allege that any retirement benefits are not being paid nor that defendants have planned or threatened to stop paying benefits. The complaint states only that defendants "may not respect" benefit rights of the employees in the future. Complaint at paragraph 22.

ERISA permits civil actions by a participant or beneficiary of a pension plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiffs argue that the instant action is one for declaratory relief, adjudging the UMWA 1974 Benefit Trust's responsibility in providing benefits to the G.M. & W. employees. Defendants argue that the issue is not ripe because the complaint does not allege an injury, either real or threatened.

■ ERISA's grant of jurisdiction to the district court to hear disputes regarding pension plans, 29 U.S.C. § 1132(e)(1), is limited by the "case or controversy" requirement of Article III of the United States Constitution. Congress is empowered to limit the jurisdiction of the federal courts, not to enlarge it beyond constitutional boundaries. Neither ERISA nor the Declaratory Judgment Act, 28 U.S.C. § 2201, extends the subject matter jurisdiction of this court beyond constitutional limits. *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Without reference to ERISA or the Declaratory Judgment Act, we must decide whether the instant claim is ripe for decision under the strictures of Article III.

Federal courts are confined to adjudicating actual cases and controversies. *Allen v. Wright,* 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). The standards by which cases and controversies are distinguished from claims premature or insufficiently adverse are not susceptible of easy application to a particular case. *McCahill v. Borough of Fox Chapel,* 438 F.2d 213 (3d Cir.1971). As the Supreme Court observed in *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969): "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality...."

■ In declaratory judgment actions, the Court has emphasized the substantial degree of specificity required in the complaint. *Babbitt v. United Farm Workers National Union,* 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979); *Poe v. Ullman,* 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961); *United Public Workers v. Mitchell,* 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947). Federal judicial power is to be exercised where the complaint alleges that plaintiff is "immediately harmed, or immediately threatened with harm, by the challenged action." *Poe, supra* 367 U.S. at 504, 81 S.Ct. at 1756. The injury alleged cannot be speculative, remote or contingent

upon a hypothetical set of facts because the Constitution does not permit federal courts to render advisory opinions. *See, e.g., MCI Cellular Telephone Co. v. F.C.C.,* 738 F.2d 1322 (D.C.Cir.1984); *Colonial Penn Insurance Co. v. Heckler,* 721 F.2d 431 (3d Cir.1983).

■ We find that the instant complaint does not state, with the required degree of specificity, that plaintiffs were harmed or immediately threatened with harm. The complaint only speculates that, at some uncertain future time, defendants "may" terminate benefit payments to G.M. & W. employees. No showing has been made that defendants have threatened termination of the benefits or have contemplated such action. The complaint contains no allegation that termination of benefits is an apparent certainty or even reasonably likely. *Colonial Penn Insurance Co., supra* at 439–40. We decline to exercise our legal and equitable powers to enter a declaratory order or an injunction when plaintiffs cannot allege an injury, real or threatened.

## IV. *Summary*

Because Section 301 of the LMRA permits jurisdiction to entertain claims for violation of an existing contract between an employer and a labor organization and because the instant claim arose after the collective bargaining agreement expired, subject matter jurisdiction is not present under Section 301.

Because plaintiffs have not alleged an immediate harm or an immediate threatened harm, the case or controversy requirement of Article III is not met on the retirement benefits claim seeking declaratory and injunctive relief. Therefore, this court does not have constitutional jurisdiction to adjudicate this claim.

Finally, in the absence of federal claims, we exercise our discretion under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), to dismiss plaintiffs' pendent state claims.

A written order will follow.