**In re MURRAY INDUSTRIES, INC., et al., Debtors.**

**MURRAY INDUSTRIES, INC., et al., Plaintiffs,**

**v.**

**FEDERAL INSURANCE COMPANY, Defendant.**

**Bankruptcy Nos. 88–7473–8P1 to 88–7488–8P1.**
**Adv. No. 90–158.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 13, 1990.

John K. Olson, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Tampa, Fla., for plaintiffs.

Daniel S. Schwartz, Wilson Elser Moskowitz Edelman & Dicker, Miami, Fla., for defendant.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE consolidated Chapter 11 cases, and the matter under consideration is a Motion To Dismiss the above-styled adversary proceeding filed by Federal Insurance Company (Federal Insurance). The Court has heard argument of counsel, has considered the Motion, together with the record, and is satisfied that the Motion is well taken and should be granted for the following reasons:

In the adversary proceeding filed by Murray Industries, Inc. (Debtor), Murray seeks a declaration of its rights and obligations and an interpretation of the provisions of the insurance policy issued by Federal Insurance to the Debtor prior to the commencement of this Chapter 11 case.

Federal Insurance initially filed in the District Court a Motion To Withdraw the Reference. The District Court, having reviewed the Motion, ruled that whether the matter was a core or a related proceeding must first be decided by the bankruptcy court and remanded the matter for this Court's consideration. Thereafter, Federal Insurance filed its Motion To Dismiss the adversary proceeding pursuant to Bankruptcy Rule 7012 and Fed.R.Civ.P. 12(b) on the ground that the action is neither a core proceeding nor a related proceeding as defined by 28 U.S.C. § 157. Alternatively, Federal Insurance sought a dismissal on the ground that there is no actual case or controversy between the Debtor and Federal Insurance. Thus, according to Federal Insurance, this Court lacks jurisdiction to entertain the Complaint filed by the Debtor.

In its Complaint, the Debtor seeks a declaration concerning the question regarding whether there will be coverage under the policy issued by Federal Insurance if the Debtor pursues claims against its officers and directors. It is without dispute that the Debtor has yet to file a suit against its officers and directors. The Debtor did sometime ago, however, notify several of its officers and directors by letter that it might have a claim against them. A copy

of this letter was also sent by the Debtor to Federal Insurance. Federal Insurance responded and stated that there would not be coverage for several reasons. In support of its Motion To Dismiss, Federal Insurance urges that the adversary proceeding should be dismissed because there is no claim asserted in any forum by the Debtor against the officers and directors and, therefore, the suit merely seeks an advisory opinion and there is no right for the relief sought.

 It is clear, and it cannot be gainsaid, that federal courts have the jurisdiction to grant declaratory judgments in cases of actual controversies. 28 U.S.C. § 2201. It is equally clear, however, this statute does not authorize issuance of advisory opinions. *Cutaiar v. Marshall*, 590 F.2d 523 (3d Cir.1979). Thus, there must be a live dispute between the parties, and there must be a "substantial controversy" between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Powell v. McCormack*, 395 U.S. 486, 517–18, 89 S.Ct. 1944, 1961–62, 23 L.Ed.2d 491 (1969); *Zwickler v. Koota*, 389 U.S. 241, 244 n. 3, 88 S.Ct. 391, 392 n. 3, 19 L.Ed.2d 444 (1967). An actual controversy is one which is definite and concrete, and which touches the legal relations of the parties with adverse legal interest. *Aetna Life Insurance Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937).

 Declaratory judgments cannot be granted where the complaint alleges injury that is speculative, remote, or contingent upon a hypothetical set of facts. *United Mine Workers of American Int'l Union v. G.M. and W. Coal Co.*, 642 F.Supp. 57 (W.D.Pa.1985). This Court is satisfied that the Debtor's Complaint includes only a hypothetical controversy, rather than an actual case or controversy between the Debtor and Federal Insurance, and it is therefore appropriate to grant Federal Insurance's Motion To Dismiss the Complaint. As noted earlier, there is currently no claim asserted by the Debtor against its former directors and officers, thus Federal Insurance has no legal obligation under the insurance policy it issued until there is a final determination of the liability of the former officers and directors of the Debtor which, in turn, would require Federal Insurance to indemnify the Debtor. It is evident from the foregoing that any liability of Federal Insurance is purely hypothetical and speculative at most at this point.

This Court can certainly understand the reluctance of the Debtor to undertake complex and expensive litigation to recover damages against the officers and directors if there is no likelihood that they will ever be able to collect damages. However, be that as it may, this Court cannot grant a declaratory judgment based on the hypothetical facts before it. In sum it is clear that there is no actual case or controversy, and Federal Insurance's Motion To Dismiss this adversary proceeding should be granted.

 In light of the foregoing, it is equally evident that this adversary proceeding cannot be classified as a core proceeding within the meaning of § 157(b)(2)(A) or (O). If and when the case actually becomes ripe, it may be appropriate to classify the matter as a related proceeding under § 157(c) of 28 U.S.C. In light of the fact that this Court is not presented with an actual case or controversy, it is unnecessary at this time to reach that determination.

 This leaves for consideration the question whether it is appropriate for this Court to act on the Motion To Dismiss in light of the procedural posture of this adversary proceeding.

As noted earlier, the matter before this Court is by virtue of the Order of Remand by the District Court for the initial purpose to determine whether the claim of the Debtor asserted in its Complaint is "core" or merely a "related proceeding". Thus, it appears at first blush that this Court should limit its consideration to the nature of the proceeding. However, having concluded that the proceeding is neither core nor related since the Complaint does not present a justifiable case or controversy, this Court is of the opinion that it is appro-

priate to act on the Motion To Dismiss, notwithstanding the Order entered by the District Court.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion To Dismiss the above-styled adversary proceeding which seeks a declaratory judgment be, and the same is hereby, granted.

DONE AND ORDERED.