**In re FEDERATED DEPARTMENT STORES, INC., Allied Stores Corporation, et al., Debtors.**

**ALLIED STORES CORPORATION and Official Committee of Bondholders, Plaintiffs,**

v.

**CHUBB INSURANCE COMPANY OF CANADA, Defendant.**

**Bankruptcy No. 1–90–00130.**
**Adv. No. 1–91–0232.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Jan. 3, 1992.

Cory Lipoff, Jones, Day, Reaves & Pogue, Cleveland, Ohio, Ellen Werther, Coudert Brothers, New York City, for plaintiffs.

Dan Bailey, Arter & Hadden, Michael Graney, Simpson, Thatcher & Bartlett, Columbus, Ohio, for defendant.

## ORDER

J. VINCENT AUG, Jr., Bankruptcy Judge.

## BACKGROUND

On February 1, 1989, Chubb Insurance Company of Canada ("Chubb") issued an Executive Liability and Indemnification Policy ("Policy") to Campeau Corporation and its direct and indirect subsidiaries, including Allied Stores Corporation ("Debtor"). The Policy obligates Chubb to pay on behalf of the directors and officers of the Debtor all amounts which they become legally obligated to pay on account of claims asserted against them for a wrongful act committed, attempted, or allegedly committed or attempted, in their respective capacities as officers or directors. Endorsement No. 3 of the Policy provides that coverage is excluded if the claim is "brought by an Insured Person or by any Insured Organization except ... a claim that is a shareholder's derivative action made on behalf of an Insured Organization ... by one or more claimants who are not Insured Persons ...". The word "claim" is not defined in the Policy.

On May 2, 1990, the Debtor and the Bondholders entered into a Stipulation and Order wherein the Bondholders were empowered to investigate possible claims arising out of certain intercompany transactions, including the sale by Allied of its Ann Taylor subsidiary and the sale by Allied of its Brooks Brothers subsidiary. The Bondholders further agreed that no litigation would be commenced prior to September 12, 1990 regarding said claims. On September 6, 1990, the Bondholders wrote to the Debtor expressing their intent to commence litigation after expiration of the requisite time period. The Debtor transmitted a copy of this letter to Chubb. On September 10, 1990, the Debtor moved for an order that the Bondholders not be permitted to file a complaint in the Debtor's name for at least the duration of the exclusive filing period or until February 28, 1991; the requested relief was granted by this Court on October 26, 1990. On March 1, 1991, this Court then ordered that its Order of October 26, 1990, be continued at least sixty days.

In December of 1990, a draft complaint was apparently prepared and at some time forwarded to Chubb. A copy of this draft complaint has not been presented to this Court.

On April 1, 1991, Chubb wrote to the Debtor denying any liability under the Policy because: 1) no claim was currently made against any insured person under the Policy and because 2) Endorsement No 3 excluded any claim from coverage.

In April and May of 1991, the Debtor and the Bondholders agreed on a mechanism for compromising the Bondholders' various claims in the context of a plan of reorganization. In pertinent part, the Bondholders agreed not to commence litigation regarding the subject claims before May 31, 1992, unless a plan of reorganization was filed which provided for a materially adverse change in the agreed amount to be received by the Bondholders as set forth in the plan filed on April 29, 1991.

On July 3, 1991, Chubb, by letter, again denied any liability under the Policy, especially in view of the agreement between the Debtor and the Bondholders prohibiting claims against the directors and officers under the then present circumstances. However, Chubb did request additional information from the Debtor regarding the

subject claims. Also, on July 3, 1991, the Committee sent a more detailed analysis of the subject claims to Chubb. On October 3, 1991, Chubb sent a letter denying coverage under the Policy to Campeau Corporation, with a copy to the Debtor and the Bondholders.

On October 28, 1991, the Debtor filed its Third Amended Joint Plan of Reorganization ("Plan") and accompanying Disclosure Statement which incorporated the above referenced provision of the April/May 1991 agreement. The Plan also contains provisions that would operate to settle and compromise the Bondholders' claims if the Plan is approved and confirmed.

Three days prior to the filing of the Plan, the Debtor and the Bondholders (collectively, "Plaintiffs"), filed their Complaint for Declaratory Judgment (Doc. 1) requesting a declaratory judgment from this Court a) that the Bondholders have in fact asserted a claim under the Policy and b) that the coverage of the policy is not barred by Endorsement No. 3. On November 15, 1991, the Plaintiffs filed their Motion for Summary Judgment (Doc. 4) and Supporting Memorandum (Doc. 5).

On December 2, 1991, Chubb filed its Motion to Dismiss (Doc. 28), Motion to Abstain (Doc. 29), Motion for Temporary Stay Pending Determination of Motions to Dismiss and to Abstain (Doc. 30), and Motion for Determination That Proceeding is Non–Core (Doc. 31). Four days later, the Debtor and the Bondholders responded with their Memorandum in Opposition (Doc. 38). On December 11, 1991, the Bondholders filed their separate Supplemental Memorandum (Doc. 45). Also on December 11, 1991, Chubb filed its two Reply Memoranda (Docs. 46 & 47).

On December 13, 1991, Chubb filed its Motion to Strike the Supplemental Memorandum (Doc. 55), which was followed by the Bondholders' Opposition (Doc. 57) and Chubb's Reply (Doc. 61).

Also, on December 13, 1991, the Bondholders filed their Motion for Leave to File Supplemental Affidavit Under Seal (Doc. 51). Chubb responded with its Memorandum in Opposition (Doc. 59).

## I. *Bondholder's Motion for Leave to File Supplemental Affidavit*

While perhaps the Supplemental Affidavit would have been better presented as an Amended Complaint, given the flurry of pleadings in this adversary proceeding and the Plaintiffs' need to obtain a decision from the Court prior to the scheduled confirmation hearing, we find the Bondholders' Motion to be well taken and hereby grant same. Chubb did receive the correspondence which is the substance of the Supplemental Affidavit back in July of 1990 and we find that no prejudice to Chubb is caused by our ruling.

## II. *Chubb's Motion to Dismiss*

█ We find Chubb's Motion to Dismiss to be well taken and hereby grant same on the ground that there is no justiciable case or controversy before this Court at this time.

Mootness is a jurisdictional question. A court may declare the rights and liabilities of parties only when they are engaged in a case of actual controversy. 28 U.S.C. § 2201. In the present case, Plaintiffs are asking for an advisory opinion as to whether or not they have asserted a claim under the Policy and, if this Court finds that they have asserted a claim, if the Endorsement No. 3 does not exclude coverage. The following two facts are dispositive: First, if the proposed Plan is confirmed, the directors and officers will be released from any liability and no claim against them may ever be brought by the Plaintiffs. Second, the Bondholders have agreed not to commence litigation against the directors and officers until at least May 31, 1992. With regard to the Plaintiffs' request for a declaratory judgment that the Bondholders have asserted a claim under the Policy, we find that this is not a controversy ripe for review at this time. *See City Communications, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir.1989) (case "anchored in future events that may not occur as anticipated, or at all" found to lack ripeness for jurisdiction); *International Union v. Dana Corporation*, 697 F.2d 718 (6th Cir.

1983) (where parties had signed settlement agreement resolving all issues in the case, case moot for lack of justiciable case or controversy); *In re Murray Indus., Inc.,* 122 B.R. 135 (Bankr.M.D., Fla.1990) (proceeding dismissed for lack of case or controversy where plaintiff sought declaration concerning question of whether there will be coverage under policy issued by insurer if debtor pursues claims against its officers and directors).

In view of the above ruling, we find that it is not necessary for us to reach the question as to whether or not Endorsement No. 3 would exclude coverage.

■ This Court cannot help but note with some amusement the contradictory position taken by the Debtor on this issue with regard to the proof of claim filed by Robert Campeau. A portion of Campeau's claim sought payment for undetermined amounts of indemnification for potential claims against Campeau arising out of actions he took while director of the Debtor. In opposition to that proof of claim, the Debtor stated that no claim had yet been asserted against Campeau and therefore the portion of the proof of claim seeking indemnification should fail (Doc. 6421, filed Nov. 11, 1991). The Debtor cannot have its cake and eat it too. If a claim has not been made against a director for purposes of satisfying 11 U.S.C. § 502(e)(1)(B), then a claim has not been made against a director for purposes of payment on the Policy.

In the interest of judicial economy, we find it unnecessary to rule on Chubb's additional defenses that the adversary proceeding does not meet the jurisdictional thresholds set forth in 28 U.S.C. § 1334(b) and § 1334(d), that the complaint should be dismissed for failure to join indispensable partners, and that the Court lacks personal jurisdiction over Chubb.

III.  *Chubb's Motion to Strike Supplemental Memorandum*

■ Although the Bondholders' Supplemental Memorandum is in violation of Local Bankruptcy Rule 5.4(b), which limits the filing of additional memoranda, we hereby deny Chubb's Motion to Strike the Supplemental Memorandum because said Memorandum cuts to the chase in this adversary proceeding: The Bondholders are desperate for a contribution from Chubb. But therein lies the rub. The Bondholders have, for the time being, negotiated away their right to bring claims against the directors and officers. This Court will not grant what the Bondholders have already given away.

IV.  *Chubb's Motion to Abstain*

In view of our above ruling on Chubb's Motion to Dismiss, we find it not necessary to rule on Chubb's Motion to Abstain, which was made in the alternative.

V.  *Chubb's Motion for Temporary Stay*

In view of our above ruling on Chubb's motion to Dismiss, we find that Chubb's Motion for Temporary Stay has been mooted.

IT IS SO ORDERED.