**In re PRO GREENS, INC., A Nevada Corporation, Debtor.**

**Syndicate Exchange Corporation, as successor in interest to the rights of Tracy Strickland, the Chapter 7 Trustee, Plaintiff,**

**v.**

**Betty R. Bussey, William C. Dreager, Supage Emergency Physicians, Ltd., Profit Sharing Plan FBO, Florida Radiology Specialist, P.A., et al., Defendants.**

**Bankruptcy No. 02–02422–8P7.
Adversary No. 02–505.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 24, 2003.

Angela Stathopoulos, Esquire, Dunedin, FL, for trustee.

Traci K. Strickland, Madeira Beach, FL, Chapter 7 Trustee.

*ORDER ON (1) SYNDICATE EXCHANGE CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT VII, COUNT IX, AND COUNT XIII OF PLAINTIFF'S AMENDED COMPLAINT; (2) SUNTRUST BANK'S CROSS MOTION FOR SUMMARY JUDGMENT ON COUNT XIII OF PLAINTIFF'S AMENDED COMPLAINT; AND (3) DIANE K. AND GERRY D. MINEAR'S MOTION FOR SUMMARY JUDGMENT ON COUNT IX OF PLAINTIFF'S AMENDED COMPLAINT*

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration are (1) Partial Motion for Summary Judgment as to Count VII, Count IX, and Count XIII of Plaintiff's Amended Complaint (Doc. No. 88), filed by Syndicate Exchange Corporation (Syndicate); (2) Cross Motion for Summary Judgment on Count XIII of Plaintiff's Amended Complaint (Doc. No. 94), filed by SunTrust Bank, Nature Coast as Trustee of Randall Jenkins' IRA (SunTrust); and (3) Motion for Summary Judgment on Count IX of Plaintiff's Amended Complaint (Doc. No. 100), filed by Diane K. and Gerry D. Minear (Minears).

The above captioned adversary proceeding was commenced by Tracy Strickland, the Chapter 7 Trustee (Trustee), on June 25, 2002. The Trustee amended the Complaint on February 20, 2003. The nineteen count Amended Complaint seeks declara-

tory relief and to avoid fraudulent transfers and names the following as Defendants: (1) Betty R. Bussey, (2) William C. Dreager, (3) Dupage Emergency Physicians, Ltd., Profit Sharing Plan fbo, (4) Florida Radiology Specialist, P.A., (5) Martin R. Hall, M.D., Employees' Retirement Plain fbo, (6) Dorothy M. Howell, (7) John T. Howell, (8) Claire G. Jenkins, (9) Thomas E. Mack (Mack), (10) Diane K. Minear, (11) Gerry D. Minear, (12) Thomas Mullin, Jr., (13) Wilbur Resienweaver, Trust, (14) Anne Ross, (15) Al Ross, (16) SunTrust Bank, (17) David F. Tulsiak, M.D., Trustee, Emma, P.A., Retirement Plan –007, U/A 12/31/91 fbo, (18) J. Mark Zachary, and (19) Janet Zachary. Thereafter, the Trustee assigned to Syndicate "AS IS," with Court approval, whatever rights the Chapter 7 estate had against the Defendants named in the Amended Complaint, and on April 21, 2003 Syndicate was substituted as Plaintiff in this Adversary Proceeding.

On July 21, 2003, Syndicate filed its Motion for Partial Summary Judgment seeking a declaration that certain promissory notes executed by Professional Greens Turf and Aerification, Inc. (PGTA), the predecessor in interest of Pro Greens, Inc. (Debtor), in favor of Mack, the Minears, and SunTrust were not debt instruments and did not represent a valid and legally enforceable obligation of PGTA, and in turn of the Debtor, but in fact represented a sale and purchase by the Defendants of equity and was a risk capital investment in PGTA. Syndicate contends that the pleadings in this case show there are no genuine issues of material fact as to the allegations set forth in the Amended Complaint and that the Plaintiff is entitled to Summary Judgment as a matter of law.

The Minears filed their Response to Plaintiff's Motion for Partial Summary Judgment and also filed their own Motion for Summary Judgment on Count IX of Plaintiff's Amended Complaint. Defendant, SunTrust, filed a Cross–Motion for Summary Judgment on Count XIII of the Amended Complaint and a Response in Opposition to Syndicate's Motion for Summary Judgment with Supporting Memorandum. Defendant Mack did not file either an answer to the Complaint nor a response to Syndicate's Motion.

While not clearly articulated, the threshold question is whether Syndicate has standing to pursue these causes of action and whether this Court has jurisdiction to entertain the declaratory relief counts against the three remaining Defendants. This is so because if this Court concludes that Syndicate does not have standing to pursue these claims or that this Court does not have jurisdiction to review these claims, then it is not necessary to consider the ultimate merits of the controversy involving the true legal character of the transactions in which these three Defendants were involved.

To place the initial question in proper focus, it should be helpful to briefly summarize the facts and circumstances that gave rise to the matter before this Court.

PGTA was incorporated under the laws of the State of Florida in October 1993 and in an effort to raise capital to expand its operation, PGTA sought funds from individuals and business entities. In return for the funds, PGTA issued what were denominated as subscription agreements through the purchase of convertible promissory notes (Notes). The Notes were executed in four different versions: the 1993 series (the 1993 Note), the 1994 series (the 1994 Note), the 1995 series (the 1995 Note), and the 1996 Series (the 1996 Note).

On July 29, 1995, Mack entered into the 1995 Note and a Subscription Agreement of 8% Convertible Subscription Agreement (the Mack Note) in the amount of $20,000.

Mack has not sought reimbursement of the Mack Note from the estate and he has not filed a proof of claim with respect to the Mack Note in the main bankruptcy case. The bar date for filing proofs of claim was August 13, 2002.

On May 1, 1995, while Mr. Minear was the President of PGTA, the Minears entered into the 1995 Note and a Subscription Agreement of 8% Convertible Subscription Agreement (the Minear Note) in the amount of $20,000. The Minears have not sought reimbursement of the Minear Note from the estate and they have not filed a proof of claim with respect to the Minear Note in the main bankruptcy case. The Debtor paid off the principal and interest owed on the Minear Note in May of 1998, over five (5) years ago and more than four (4) years before the original adversary Complaint was filed.

Finally, SunTrust entered into the 1996 Note in the amount of $50,000. SunTrust has not sought reimbursement of the 1996 Note from the estate and it has not filed a proof of claim with respect to the 1996 Note in the main bankruptcy case. The Debtor repaid both the principal and interest to SunTrust on May 12, 1998.

■ The first threshold question is whether or not Syndicate has standing to pursue these declaratory actions. On March 25, 2003, this Court entered an Order in the main bankruptcy case authorizing the sale and assignment of choses of action against entities that are the subject of several complaints filed by the Trustee to Syndicate with the proviso that the sales were "AS IS" with no guarantee, contingencies of recovery, warranties of any kind express, implied, or otherwise and preserved all defenses of the Defendants. Because this Court authorized the sale and assignment of the choses of action to Syndicate, this Court is satisfied that Syndicate, as successor in interest to the rights of the trustee, has standing to pursue these declaratory relief actions. This leaves for consideration the second threshold question, which is whether or not this Court has subject matter jurisdiction to review Syndicate's claims for declaratory relief.

■ Although federal courts have the jurisdiction to grant declaratory judgments in cases of actual controversies, 28 U.S.C. § 2201, courts are not authorized to give advisory opinions. *In re Murray*, 122 B.R. 135, 137 (Bankr.M.D.Fla.1990) (*citing Cutaiar v. Marshall*, 590 F.2d 523 (3d Cir.1979)). There must be "a live dispute between the parties, and there must be a 'substantial controversy' between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *In re Murray*, 122 B.R. at 137 (*citing Powell v. McCormack*, 395 U.S. 486, 517–18, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); *Zwickler v. Koota*, 389 U.S. 241, 244 n. 3, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967)). An actual controversy is one "which is definite and concrete, and which touches the legal relations of the parties with adverse legal interests." *In re Murray*, 122 B.R. at 137 (*citing Aetna Life Insurance Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937)).

It is the contention of Syndicate that this Court has jurisdiction over its claims. In support of this contention, Syndicate maintains: (1) that the filing of a proof of claim is not necessary to provide this Court with subject matter jurisdiction to hear a cause of action to recharacterize debt as equity; (2) that bankruptcy courts have subject matter jurisdiction to determine whether a capital contribution should be characterized as equity or debt; (3) that characterizing a contribution as equity or debt is indeed a core matter; (4) that filing and/or pursuing a proof of claim is

not determinative of subject matter jurisdiction; and (5) that recharacterizing these three Defendants' contributions affects the bankruptcy estate.

In opposition, the Minears assert that this Court lacks jurisdiction to review Syndicate's claims for declaratory relief. In support of this assertion, the Minears claim (1) that because the Debtor already repaid the entire amount owed on the Minear Note, there is no bona fide need for a declaration, and thus there is no present controversy; (2) that there is no bona fide need for a declaration and there is no present controversy over any of the other PGTA Notes because none of the PGTA noteholders have filed proofs of claim as to their notes in this case; and (3) that this Court lacks subject matter jurisdiction over these declaratory judgment actions because, as a dispute between two non-debtors, the outcome of the actions will have no conceivable effect on the administration of the Debtor's estate. Lastly, the Minears contend that the statute of limitations has expired on Syndicate's declaratory judgment action concerning the Minear Note.

■ To obtain a judgment for declaratory relief, a party must prove (1) that the plaintiff has a present bona fide need for a declaration; (2) that the plaintiff is in doubt as to his rights; (3) that all parties necessary to the resolution of these issues are presently before the court; and (4) that the plaintiff is not merely seeking legal advice, but is rather seeking a resolution of his rights regarding a present controversy. *In re Murray Industries, Inc.,* 122 B.R. at 137.

Upon consideration of Syndicate's contention that recharacterizing the contributions would affect the bankruptcy estate, the question of recharacterizing the Defendants' transactions is academic. The record leaves no doubt that there is no present case or controversy between Syndicate and the three Defendants for the following reasons.

It is without dispute that both SunTrust and the Minears received full payment in satisfaction of their Notes and that none of the three Defendants filed a proof of claim in the main bankruptcy case. It is further without dispute that the bar date to file such proofs of claim has passed and that the Defendants no longer desire to participate in the distribution of this estate, even if there is a distribution. Therefore, proper characterization of these three Defendants' transactions is unnecessary simply because it is obvious that recharacterizing the transactions will have no effect on the administration of the estate.

It is clear that Syndicate seeks declaratory relief as a predicate to set aside the repayments of these Notes as fraudulent transfers. This Court is satisfied that there is no case or controversy raised by the Amended Complaint. Thus, Syndicate seeks what would be akin to an advisory opinion.

As this Court lacks subject matter jurisdiction to consider Syndicate's Motion, this Court is satisfied that it is unnecessary to rule on Syndicate's contention that characterizing a contribution as debt or equity is a core matter and the Minears' contention that the statute of limitations has expired on Syndicate's declaratory judgment action concerning the Minear Note.

To be consistent with the foregoing that this Court lacks subject matter jurisdiction to consider these claims, Syndicate's Partial Motion for Summary Judgment is denied and the Amended Complaint shall be dismissed with prejudice. Furthermore, the Minears' Motion for Summary Judgment as to Count IX of the Amended Complaint is denied as moot and SunTrust's Cross Motion for Summary Judg-

ment as to Count XIII of the Amended Complaint is denied as moot.

Accordingly, it is

ORDERED, ADJUDGED, AND DE-CREED that the Amended Complaint be, and is hereby, DISMISSED with prejudice. A separate final judgment shall be entered in accordance with the foregoing. It is further,

ORDERED, ADJUDGED, AND DE-CREED that Syndicate's Partial Motion for Summary Judgment as to Counts VII, IX, and XIII of the Amended Complaint be, and the same is hereby, DENIED. It is further,

ORDERED, ADJUDGED, AND DE-CREED that the Minears' Motion for Summary Judgment on Count IX of Plaintiff's Amended Complaint be, and the same is hereby, DENIED as moot. It is further,

ORDERED, ADJUDGED, AND DE-CREED that SunTrust's Cross Motion for Summary Judgment on Count XIII of Plaintiff's Amended Complaint be, and the same is hereby, DENIED as moot.